## REID *v.* FAIN.

1. A provision in a lease, that "in the event that a retail liquor license can not be secured by said second party for this store, this lease will be void," is a defeasance, and in an action against the tenant for a breach of the lease contract it will not be required of the plaintiff in his petition to negative the defeasance of the contract; but if the defendant relies on the defeasance as an avoidance of his contract, he must plead and prove his defense.

2. Where a defendant in open court admits that the plaintiff is entitled to recover a specific amount of the damages laid in the petition unless he sustains his plea of avoidance of any recovery, and the evidence submitted fails to sustain such plea, it is not error to direct a verdict for the amount so admitted.

3. The exclusion of evidence which can not change the result of the trial is not sufficient ground to grant a new trial.

MAY 11, 1910.

Action for breach of contract. Before Judge Pendleton. Fulton superior court. June 5, 1909.

The action was by Mercer Fain, as assignee of the landlord, W. Jones, against M. W. Reid, tenant, to recover damages on account of breach of contract and abandonment of the premises by the tenant. From the petition it appears that on March 8, 1906, M. W. Reid entered into a written contract with W. Jones for the lease of a certain storehouse for the term of five years, commencing April 1, 1906, for which premises Reid agreed to pay Jones $150 per month in advance. The lease contained this stipulation: "In the event that a retail liquor license can not be procured by said second party [tenant] for this storeroom, this lease will be void." The tenant also stipulated in the lease not to sublet the premises or any part thereof without the written consent of the landlord. On May 14, 1906, Jones transferred in writing to petitioner all his right, title, and interest in and to the lease, and directed the lessee, Reid, to pay to petitioner or his order the accruing rentals. Reid acquiesced in the transfer, ratified the same and treated the assignee as landlord, and paid to him the monthly rentals accruing under the lease up until September 1, 1907, since which time Reid refused to pay to petitioner the monthly rentals as they accrued under the contract, and refuses to comply further with the terms and covenants of the lease, and has wholly abandoned the leased premises. On account of the breach of the contract and abandonment of the premises petitioner claims damages in the sum of $6,450. There

was also an allegation and prayer to recover attorney's fees. The lease contract and its assignment were attached to the petition. The defendant demurred on the grounds: (1) that the attached contract shows upon its face that it is not assignable; (2) that plaintiff is not entitled to recover attorney's fees, as the statutory notice to claim attorney's fees is not alleged to have been given to the defendant; (3) because the petition omits to allege that a retail liquor license could be procured by the defendant; and before the plaintiff can recover, he must allege and prove that this defendant could procure a retail liquor license for the operation of a retail liquor business in the storeroom covered by the lease. (4) Inasmuch as by act approved August 6, 1907, the sale of spirituous and intoxicating liquors was prohibited after January 1, 1908, the plaintiff in no event could recover for any part of the term covered by the lease subsequently to January 1, 1908. (5) The suit was filed on November 9, 1907, and rent for the month of December, 1907, could not be recovered in this action. The court sustained grounds 2 and 4 of the demurrer, and overruled grounds 1, 3, and 5. Both sides excepted pendente lite. In his answer the defendant denied that he acquiesced in the transfers of the lease or treated the plaintiff as landlord and recognized him as such. He admitted his refusal to pay rents for any time after September 1, 1907. He further answered, that on October 1, 1906, he assigned his lease to H. J. Fite, who transferred his lease in June, 1907, to A. S. Crumpton, and that W. Jones, the landlord, accepted the several assignees as tenants instead of the defendant; also, that he was unable to procure a license for the operation of a retail liquor business in the storeroom for the term beginning September 1, 1907, that by reason of his failure to procure such license the lease contract by its terms became void, and that the defendant did not occupy the leased premises any time subsequent to September 1, 1907. Both sides submitted evidence, and the court directed a verdict in favor of the plaintiff for the sum of $659.50. The defendant moved for a new trial, which was refused. He assigned error upon this ruling, and upon his pendente lite exceptions.

*J. D. Kilpatrick*, for plaintiff in error.

*H. W. Dent* and *W. R. Hammond*, contra.

EVANS, P. J. (After stating the facts.)

1. It was not necessary for the plaintiff to allege that the de-

fendant was able to procure a retail liquor license for the conduct of a retail liquor business in the rented storeroom. The verbiage of the contract demonstrates, and the occupation by the tenant of the storeroom for several months before abandoning his lease illustrates that the clause in the lease relating to the procurement of a retail liquor license by the defendant was not intended as a condition precedent, but as a condition subsequent or defeasance, which would terminate the lease. The contractual obligation of the tenant to secure a retail liquor license implies a reasonable effort in good faith to get such a license. The lease is not to be defeated by his non-action, or colorable attempt in that direction. The lease became operative from the time it purported to go into effect, and the tenant had a present interest in the same, but the lease was subject to shorter termination if the tenant after performing an act should fail to accomplish a particular result. The rule of pleading is that "when the interest or estate passes presently and vests in the grantee and is to be defeated by matter ex post facto, or condition subsequent to the condition to be performed in the affirmative or negative, or to be performed by the defendant or any other, then the plaintiff may count generally without showing any performance; this shall be pleaded by him who is to take advantage of it." 5 Bacon's Abr. 337; *Murphy* v. *Lawrence* 2 *Ga.* 257.

2. Where a lessee repudiates his lease and abandons the rented premises, the lessor may sue for a breach of the contract before the expiration of the term, and the damages are to be measured by the difference between the rent stipulated in the lease and the actual rental value for the balance of the term. Minn. Baseball Co. *v.* City Bank, 74 Minn. 98 (76 N. W. 1024). In his ruling on the demurrer the court held that the enactment of the prohibition law interdicting the sale of spirituous and intoxicating liquor in the State after January 1, 1908, restricted and limited the term of the lease to that time. No cross-bill of exceptions was sued out by the plaintiff, and this ruling of the court is res adjudicata as to that point. The court directed a verdict for the plaintiff for $659.50, the stipulated rent for the months intervening September 1, 1907, and January 1, 1908, with interest thereon. The defendant admitted in open court that the plaintiff was entitled to recover this sum, unless he sustained by a preponderance of evidence his plea of avoidance of the contract. Taking all the evidence submitted

on this subject, the only verdict which could properly be rendered was that directed by the court.

3. The defendant offered in evidence certain written assignments of the lease, viz.: one by him to Fite, dated October 1, 1906, one by Fite to Crumpton, dated June 7, 1907; and an endorsement by the original landlord, Jones, consenting to these transfers, dated June 7, 1907. These writings were rejected from evidence, and error is assigned on their exclusion. The defendant has no just cause for complaint of the exclusion of this evidence. The ordinance of the City of Atlanta required each applicant for a liquor license to submit proof that he is the true owner of the premises, or holds in his own name and right a lease on the building wherein he proposes to conduct the liquor business, before any license shall be granted. The defendant's application for license was made after his assignment of his lease. By his own voluntary act in assigning his lease, he put it out of his power to comply with the municipal regulation for obtaining a license in his own name. It is true that the ordinance was passed intervening the defendant's transfer to Fite and his application for license. But the rejected evidence shows that the landlord assented to the transfer after the passage of the ordinance and before the defendant's application for a license was refused by the council.

*Judgment affirmed. All the Justices concur.*