### 5394. BALDWIN *v.* LAMPKIN.

1. The evidence did not require a finding that there was a rescission of the contract of rental, but authorized the conclusion reached by the jury, to the effect that the tenant abandoned the premises, not at the instance of the landlord; that the landlord did not consent to the tenant's breach of the contract, but on the contrary asserted his intention to hold the tenant liable for the rent which would accrue during the remainder of the term. The case at bar is, therefore, distinguished by its facts from *Gay* v. *Peake,* 5 Ga. App. 583 (65 S. E. 650); *Ledsinger* v. *Burke,* 113 Ga. 74 (38 S. E. 313); and *Rucker* v. *Tabor,* 126 Ga. 132 (54 S. E. 959).

2. There was no demurrer objecting to the form or nature of the action. The action, which was for one month's rent past due, was pending before the landlord resumed possession of the premises (if in fact he did retake possession otherwise than as agent for the lessee); and if the tenant did not consent that the landlord might rerent the premises upon his (the tenant's) account, the fact that the amount received by the landlord was for a part of the month for which the tenant was indebted affords the tenant no ground for complaint.

3. Where a tenant is notified by his landlord that, should he abandon the premises and renounce the contract, the landlord will relet the same at the risk and for the account of the tenant, and the tenant interposes no objection to this proposal, the inference that the tenant has tacitly constituted the landlord his agent for that purpose, and that to that extent there is a novation of the original contract, is authorized. Under such circumstances the landlord might make a contract of rental upon the tenant's account without the knowledge or express consent or approval of the tenant.

4. The controlling issue of fact presented for the determination of the jury was whether the tenant assented to the landlord's proposal to reduce any damages consequent upon the tenant's breach of the contract, by rerenting the premises to the best advantage. Upon this issue the evidence was in conflict, but the verdict is supported by some evidence, and, having been approved by the trial judge, will not be disturbed.

DECIDED MARCH 26, 1914. REHEARING DENIED JULY 27, 1914.

Appeal; from Fulton superior court—Judge Pendleton. November 5, 1913.

*Lovick G. Fortson, Green, Tilson & McKinney,* for plaintiff in error.

*Mayson & Johnson, Alvin L. Richards,* contra.

RUSSELL, C. J. Lampkin sued Baldwin for $83.33, one month's rent of premises described in the account. On appeal to the superior court, a verdict for $63.33 was rendered for the plaintiff. The defendant pleaded that the plaintiff failed to keep the premises in ordinary repair and in a condition suitable to the purposes for which the house was rented; and that, in addition to the violation of this general duty, the plaintiff refused to make specified repairs, which the defendant contended were promised at the making of the contract of rental and were included within its terms. As to the issue raised by this part of the plea the evidence was in conflict; and, on the testimony in the record, the jury were authorized to find that the premises were in good condition and that the plaintiff had not contracted to make the special improvements and repairs which the defendant claimed were to have been made. In his answer the defendant further insisted that he notified the plaintiff of his intention to vacate the premises, and that the plaintiff voluntarily resumed possession, and thereafter, without giving notice of his intention to rent the premises at the risk of the defendant, and without the defendant's knowledge or consent, relet the premises; and that thereby the plaintiff waived his right of action and was estopped from claiming any further rent from the defendant. As to this also the evidence was in conflict; but, giving to the testimony in behalf of the plaintiff the preference accorded to it by the jury, the only substantial questions which arise in this case are, whether the retaking of the premises by the plaintiff, under the circumstances detailed by him, amounted to such a rescission of the contract as released the tenant, or whether, if the defendant tacitly assented to a reletting of the premises, upon his account and at his risk, the landlord did not thereby become the agent of the defendant; and, if· so, whether the landlord could relet the premises on such terms as might seem to him best, without notice to the tenant, and without his consent or approval to the new contract of rental.

1. Of course, it is well settled that if a landlord retakes possession of the rented premises for his own benefit, either directly or indirectly, before the termination of the lease, the tenant is relieved from liability for the portion of the term subsequent to the landlord's entry. Nor does it matter that the landlord is not benefited or derives no return from the unexpired part of the term. It is enough that the tenant is thereby deprived of his privilege of en-

joying his lease as he wills,—either by occupying the premises or by preventing them from being occupied at all, if he so prefers. For this reason the rulings in *Gay* v. *Peake,* 5 *Ga. App.* 583 (63 S. E. 650), *Ledsinger* v. *Burke,* 113 *Ga.* 74 (38 S. E. 313), and *Rucker* v. *Tabor,* 126 *Ga.* 132 (54 S. E. 959), which are relied upon by counsel for the plaintiff in error, are not in point in the instant case. In *Gay's* case, as in this, the tenant notified the landlord that he would vacate, and the landlord stated that he would not release the tenant, but in that case the landlord did not submit to his tenant, as did the landlord in this case, a proposal to relet the premises at the risk and for the benefit of the tenant; to which he may be assumed to have assented by his silence and failure to object at the time the proposal was made. Furthermore, in *Gay's* case, after the landlord assumed possession of the premises, he allowed his son-in-law to occupy a portion of the premises free from rent; thus in effect getting the use of the premises for himself while charging the rent to the tenant, a proceeding which was not only illegal but wholly inequitable. In the case at bar, according to the testimony for the plaintiff, the tenant notified the landlord that he was going to vacate, and the landlord distinctly informed the tenant that he would not release him, but that if he did vacate, he would hold him liable; stating in the same connection that he would rent the premises for the tenant's account, if possible, and credit the tenant with whatever he collected.

We bear in mind that the general rule, that it is the duty of a party suffering from the breach of a contract to diminish, if possible, the damages, has no application to a contract of lease; but we know of no rule of law which forbids landlord and tenant to enter into a contract by which, in order that the damages consequent upon the tenant's breach of his contract may be as small as possible, the tenant consents that the landlord may relet the premises upon the tenant's account; and there is testimony in this record which authorized the jury to find that the defendant in this case, by his silence and his failure to object to the landlord's proposal, tacitly entered into a contract of that nature. In the *Ledsinger* case, supra, the landlord, when notified that the tenant would vacate the premises, did not release him, but told the tenant that he would leave the matter with Holt, the landlord's agent, with full power to act; and thereafter Holt, the agent, called for the keys, without

any explanation, and proceeded to advertise the premises for rent in behalf of the landlord. In the case of *Rucker* v. *Tabor*, supra, the landlord not only did not notify the tenant that he would re-rent the premises for the tenant's account, but did not even credit the tenant with the rent which he received from a portion of the premises that he had rented to another after the tenant vacated. The case at bar is very similar, in its facts, to the cases of *Schachter* v. *Tuggle Co.*, 8 *Ga. App.* 561 (70 S. E. 93), and *Cox* v. *McKinley*, 10 *Ga. App.* 492 (73 S. E. 75), in which the tenants were held to be liable for rent. The plaintiff's evidence authorized the inference that the tenant constituted his landlord his agent for the purpose of reducing the damages consequent upon his breach of the contract, without any restriction upon his power and authority in the premises, and the plaintiff's testimony is utterly inconsistent with the theory that the landlord, either expressly or constructively, consented to a renunciation of the contract; from which it necessarily results that the jury's finding in favor of the plaintiff, after making allowance for the $20 collected by the plaintiff as agent for the defendant, is supported by evidence; and the verdict, being approved by the trial judge, will not be disturbed.

2. Ordinarily, where a lessee repudiates his lease and abandons the premises, the damages consequent upon a breach of the contract are to be measured by the difference between the rent stipulated in the contract and the actual value for the remainder of the term (*Reid* v. *Fain*, 134 *Ga.* 508, 68 S. E. 97) ; and it may be that the plaintiff could with propriety have brought an action for damages; but the testimony at the command of the plaintiff authorized a recovery upon the case as laid, and there was no demurrer setting up the contention that the remedy sought was inappropriate.

3. In one of the grounds of the motion for a new trial error is assigned because the court charged the jury that "the plaintiff had a right to relet the premises at the risk of the defendant, by giving him notice that he would rent the same at the risk of the defendant and for the account of the defendant, though such renting was without the knowledge, consent, or approval of the defendant at the time it was made." As already stated, there was testimony which authorized the jury to conclude that the defendant assented to a special agency conferring upon his landlord the right to relet the premises to the best advantage, without any restrictions whatever

upon his power; and if this was true, it was not necessary for the landlord to have obtained the consent or approval of the tenant who had vacated the premises under such circumstances; and, therefore, it was not error for the court to charge the jury that if the testimony in behalf of the plaintiff was true, he had the right to relet the premises without the knowledge, consent, or approval of the defendant. Where a tenant breaches·a contract of rental after having been notified by his landlord that should he abandon the premises and renounce the contract, the landlord will relet the same at the risk and for the account of the tenant, the inference that the tenant tacitly constituted the landlord his agent for that purpose, and that to that extent there was a novation of the original contract, is authorized. Under such circumstances the landlord might make a contract of rental upon the tenant's account, without the knowledge, consent, or approval of the tenant.

4. The controlling issue of fact presented for the determination of the jury was whether the tenant assented to the landlord's proposal to reduce any damages consequent upon the tenant's breach of the contract, by rerenting the premises to the best advantage. On this issue the evidence was in conflict, but the verdict was authorized, and, having been approved by the trial judge, will not be disturbed.                    *Judgment affirmed. Roan, J., absent.*