26680. HULSEY *et al. v.* HARRINGTON.

DECIDED MARCH 11, 1938.

*Charles J. Thurmond, Wheeler & Kenyon,* for plaintiffs.
*W. V. Lance, Oliver & Oliver,* for defendant.

STEPHENS, P. J.   John M. Hulsey and Mrs. Mary D. Neese instituted suit against John C. Harrington to recover an amount alleged to be due to the plaintiffs as landlords by the defendant as tenant for the period from March 1, to December 31, 1933, under a written contract of lease of a store building in the City of Gainesville, for a period of five years from July 15, 1930, at a rental value of $90 per month for the period of the lease subsequent to July 15, 1932.   The defendant in his plea admitted that he had rented the premises under the alleged written contract of lease, but denied that he was indebted to the plaintiffs for the rentals sued for.   He alleged that he occupied the building under his contract of lease until August 1, 1932, when he moved out and vacated the building and thereby "abandoned" the contract, that on or about March 1, 1933, the plaintiffs took possession of the property without the defendant's consent, resumed possession and control over the premises inconsistent with the defendant's right of possession and occupation, and on November 1, 1933, without the defendant's permission and inconsistent with his right of possession and occupation, leased the property to a Mr. Mauney who took possession of the premises under the plaintiffs as landlords.   As alleged in the defendant's plea, the plaintiffs had accepted a surrender of the lease by the defendant prior to the period for which it is alleged the defendant is indebted to the plaintiffs for rent, and had taken possession of the premises, and that therefore, prior to this period, the rental contract had been terminated, and during this period the defendant did not hold the premises as tenant and was not indebted to the plaintiffs for rentals for this period.   It appears undisputed from the allegations in the petition and the answer of the defendant that the building had been leased to him under a written contract for a period of five years from July 15, 1930, covering the period of time for which the rentals are sued for, and that the defendant on or about August 1, 1932, abandoned the contract and moved out of the building and vacated the same.

The only witness who testified on the trial was J. M. Hulsey, one of the plaintiffs.   The substance of his testimony, which was uncontradicted and undisputed, was that the defendant before he moved out of the building informed the witness that he intended to vacate, and asked the witness would he take the property back,

and the witness told him no; that the witness told the defendant that the building was the defendant's for five years, and he did not release the defendant from the contract; that witness had no further conversation with the defendant about the matter; that the defendant abandoned the building and moved out, and, as far as witness knows, left nobody in charge of the building; that the defendant left no tenant; that the defendant kept the building locked for a good while after he moved out and he kept some stuff in it; that the witness saw some sacks or some stuff in the building but did not know what it was; that after the defendant moved out witness had the building inspected to see if there were any leaks; that the defendant did not turn any key to the building back to the witness; that for some time after the defendant moved out the building stayed locked; that witness went away and after he returned in January [evidently January, 1933], the building had been opened, one door was standing open as witness remembers; that after the defendant moved out the witness believes that he [witness] put a lock on the building; that he kept the building locked until November when he rented the building to Mr. Mauney; that witness did not tell the defendant that he was going to rent the building or that he was going to put a lock on the building, and that the defendant didn't say anything to the witness about it; that the defendant has not paid the rentals sued for. There was also evidence that the plaintiffs had sued out a distress warrant against the defendant for rents from the time of the abandonment of the contract by the defendant on or about August 1, 1932, until the first of March; that the defendant, in his counter-affidavit to the distress warrant, alleged that he had vacated the building but was forced to do so because of a failure of the plaintiffs to keep the building in repair, and for this reason he was not indebted to the plaintiffs; that on the trial of this issue there was a verdict and judgment for the plaintiffs. It was insisted by the plaintiffs that this verdict and judgment on the issue formed on the trial of the distress warrant was an adjudication of the right of the plaintiffs to recover under the contract for the period of time after the defendant had abandoned the contract in August, 1932.

The case now before the court was submitted to a jury on the documentary evidence and the testimony of one of the plaintiffs, J. M. Hulsey, the sole witness in the case. The jury found a ver-

dict for the defendant. The plaintiff moved for a new trial on the general grounds that the verdict was without evidence to support it, etc., and that the court erred in charging the jury that if a landlord takes possession of premises for his own benefit, by acts amounting to an eviction of the tenant before the termination of the lease, the tenant is relieved of liability for the portion of the term subsequent to the landlord's entry, and that if the landlord takes actual possession of the property on a surrender or offer of surrender of the property this would constitute an acceptance of the surrender and the tenant would not be liable for the rent. The exceptions to these excerpts from the charge were that they were not authorized by the evidence. The plaintiffs' motion for new trial was overruled and the plaintiffs excepted.

It appears that in the brief of the evidence brought to this court the lease contract is copied in full. The defendant in error insists that as this lease contract appears as an exhibit to the petition, it is a violation of the rule with reference to the preparation of a brief of evidence, as required by the Code, § 70-305, for this lease contract to be copied in the brief and that for this reason the brief of evidence should not be considered. This court understands that the rule in the Code, § 70-305, which provides for a mere reference in the brief of evidence to documentary matters which appear as exhibits in the pleadings without copying them in full in the brief of evidence is for the benefit of the court and not of the parties. *Hargett* v. *Muscogee Bank,* 32 *Ga. App.* 701 (124 S. E. 541). It is therefore not mandatory on the court, at the instance of counsel, to disregard the entire brief of the evidence and refuse to consider it where counsel, in preparing the brief of evidence, has recopied therein in full a piece of documentary evidence which is attached as an exhibit to the pleadings, and has failed to omit it from the brief of evidence, and has failed, in the brief of evidence, to refer to the document as it appears as an exhibit to the pleadings. This court refuses to accede to the suggestion made by counsel for the defendant in error that the brief of evidence be disregarded.

Taking the testimony of the sole witness, J. M. Hulsey, one of the plaintiffs, and construing it most strongly against him, it appears conclusively and without dispute that the defendant tenant abandoned his contract of rental and vacated the premises and did

so without the consent of the plaintiffs, the landlords, and that the plaintiffs refused to accept this as a surrender of the term and notified the defendant that they would hold him to the contract. The defendant therefore continued as the tenant of the plaintiffs, and was liable to the plaintiffs for the rentals under the contract for the period during the continuance of the lease unless the plaintiffs subsequently committed some act which amounted to an acceptance of the defendant's surrender. The only conduct on the part of the plaintiffs which could possibly amount to an acceptance of the defendant's surrender of the term was the plaintiffs' going upon the premises to repair leaks and putting a lock on the door of the building after the defendant had moved out, and their renting the premises to another tenant. Where a tenant has abandoned the premises before the expiration of his term a mere entry on the premises by the landlord, for the purpose of preserving the property or protecting it, does not amount to an acceptance of the tenant's surrender. 18 Am. & Eng. Enc. L. (2d ed.) 364. It appears therefore conclusively and as a matter of law, under the undisputed evidence, that prior to the reletting of the premises by the landlords in November, 1933, the landlords never accepted the tenant's abandonment or surrender of the lease. The verdict for the plaintiffs therefore was demanded for the rentals for the period prior to the plaintiffs' reletting the property to another tenant in November, 1933.

It is well settled that where a tenant has abandoned the rented premises and the landlord has refused to accept the abandonment as a surrender of the term, and the tenant has agreed either expressly or impliedly to the landlord's reletting the premises for the tenant's benefit, that the act of the landlord in so doing does not amount to an acceptance by him of the tenant's surrender of the lease. *Baldwin* v. *Lampkin,* 14 *Ga. App.* 828 (82 S. E. 369). There has not been brought to our attention any decision of the Georgia courts as to the effect of the landlord's reletting the rented premises without the knowledge or consent of the tenant, either express or implied, where the landlord has expressly refused to accept the tenant's abandonment of the property as a surrender of the term and has notified the tenant that he would hold him to the lease. The landlord's reletting the premises, without the express or implied consent of the tenant, thereby reducing his damage,

after he has expressly refused to accept the tenant's abandonment as a surrender and has notified the tenant of his intention to hold him to the lease, does not amount to an acceptance by the landlord of the tenant's abandonment of the premises as a surrender of the lease. The tenant, having abandoned the premises and having attempted to surrender his lease and having thrown the property back on the landlord, although as a matter of law the tenancy continues, has evinced no intention to further occupy the premises as a tenant, and can not justly complain of the landlord's obtaining another tenant and thereby lessening the tenant's amount of liability for rent under the lease contract, although the tenant may not have expressly or impliedly consented thereto. "When therefore the lessor retains the keys, and at the same time notifies the lessee that he will hold him for the rent, there is no room for the presumption of a surrender. Nor does the renting of the premises to another tenant under such circumstances raise such presumption, for the reason that it is manifestly to the lessee's interest that they should be occupied. The landlord may allow the property to stand idle, and hold the tenant for the entire rent; or he may lease it and hold him for the difference, if any. It was said in Breuckmann v. Twibill, 8 Norris [89 Pa.], 58, that 'taking possession, repairing, advertising the house to rent, are all acts in the interest and for the benefit of the tenant, and do not discharge him from his covenant to pay rent.' Much more is it to the interest of the tenant for the landlord to rent the premises. If at the same rent, the tenant is entirely relieved; if at less, he is liable only for the difference." Auer v. Penn, 99 Pa. 370 (44 Am. R. 114). We therefore conclude that the act of the plaintiffs as landlords in reletting the premises to another tenant in November, 1933, did not amount under the facts to an acceptance of the tenant's abandonment of the premises as a surrender of the lease.

The judgment for the plaintiffs in the distress warrant proceedings was an adjudication that the defendant's term as tenant was not terminated by his abandonment of the rented premises. The plaintiffs do not have to rely upon this adjudication in this case as here presented, since it appears conclusively and undisputed from the evidence adduced on the trial that the defendant's term was not terminated by his abandonment of the property, and his attempt to surrender the lease, and the plaintiffs did not afterwards accept a surrender.

The plaintiffs therefore were as a matter of law entitled to recover the full amount sued for, and the verdict found for the defendant was unauthorized. The court erred, on the ground that the charge was not authorized by the evidence, in instructing the jury as to what constituted an acceptance by the landlord of the tenant's surrender of the lease. The court erred in overruling the plaintiff's motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*