## 27790. TREISCH *v.* DOSTER.

DECIDED NOVEMBER 9, 1939.   REHEARING DENIED DECEMBER 8, 1939.

*H. E. Coates,* for plaintiff.   *J. W. Dennard,* for defendant.

STEPHENS, P. J.   Elmer Treisch sued P. E. Doster on a promissory note.   It appeared from the petition as amended that the plaintiff leased certain timber lands to the defendant at a stipulated consideration, for turpentine purposes, for a period of four years, and that at the same time the plaintiff leased the same lands for the same purposes to the defendant, covering the same timber, for a period of three years, to begin upon the expiration of the four-year lease.   The defendant executed in favor of the plaintiff a promissory note for $3999 to cover the consideration of the latter lease.   Upon the expiration of the four-year lease the defendant informed the plaintiff that he had gone out of the turpentine business and that he did not intend to perform the three-year lease. He requested the plaintiff to release him from the three-year lease, which the plaintiff refused to do.   The defendant thereupon abandoned the premises and took up all the turpentine cups and other paraphernalia used in connection with that business.   Thereafter the plaintiff leased the premises to another person for $500 for the balance of the term, this being less than the amount agreed to be paid by the defendant for this period.   The trial judge sustained the defendant's demurrer and dismissed the plaintiff's petition as amended.   To this judgment the plaintiff excepted.

The effect of the transaction was the execution of a lease for a period of seven years.   The tenant abandoned the premises at the expiration of four years, and therefore before the expiration of the term.   The landlord did not accept a surrender of the term, but refused to do so.   He had the right to hold the tenant to the lease. *Hulsey* v. *Harrington,* 57 *Ga. App.* 479 (195 S. E. 901).   The plaintiff, as landlord, in reletting the premises to another at a less

rental than that agreed to be paid by the defendant, did not agree to a rescission of the second lease or thereby evict the defendant. The defendant is liable to the plaintiff for the difference between the amount agreed to be paid, as represented by the note sued on, and that received by the plaintiff from a reletting of the premises.

The court erred in sustaining the demurrer and dismissing the plaintiff's petition as amended.

*Judgment reversed. Sutton and Felton, JJ., concur.*