39256. DEHCO, INC. v. GREENBERG.

Decided January 25, 1962.

*Richard N. Hubert,* for plaintiff in error.

*Gerstein & Carter,* contra.

NICHOLS, Presiding Judge. ■ The lease contract in the present case was signed in the space designated for the lessee: "Jumpin Gyminy, Inc., #2 by Ned Greenberg, Treas. (Seal)." All the above including the word "Seal", was hand written admittedly by the defendant. On the trial of the case the defendant admitted there was no corporation by the name of Jumpin Gyminy, Inc. #2 but that he had intended to sign such contract for Jumpin Gyminy, Inc., #1, and not for the fictitious corporation.

"Promoters of a corporation are personally liable on their contracts . . . before the corporation is chartered and organized, unless the other party agreed to look to some other person or fund for payment." *Wells v. Fay & Egan Co.,* 143 Ga. 732 (1) (85 SE 873). In that case it was said: "A promoter, though he may assume to act on behalf of the projected corporation and not for himself, cannot be treated as an agent of the corporation, for it is not yet in existence; and he will be personally liable on his contract, unless the other party agreed to look to some other person or fund for payment." While the defendant concedes that a promoter is personally liable for a lease entered into for a non-existent corporation he contends that the evidence shows that the defendant acted for a corporation that was in existence and only as a corporate officer of such corporation.

Without deciding whether a finding that the defendant acted for a non-existent corporation was demanded, the finding that the defendant did so act was authorized, and the contention of the defendant that the plaintiff obtained a favorable judgment which was not authorized and cannot complain, is without merit.

■ The sole remaining question is, did the evidence demand a finding for the plaintiff larger than the judgment returned where the judgment was favorable to the plaintiff.

In *Reid v. Fain*, 134 Ga. 508, 510 (68 SE 97), the Supreme Court said: "Where a lessee repudiates his lease and abandons the rented premises, the lessor may sue for a breach of the contract before the expiration of the term, and the damages are to be measured by the difference between the rent stipulated in the lease and the actual rental value for the balance of the term." In the case sub judice, the plaintiff sought only the past-due rent at the time the suit was filed and, as amended, the plaintiff sought only the rent up until the time of 'each amendment. Under the decision of this court in *Hulsey v. Harrington*, 57 Ga. App. 479, 484 (195 SE 901), the plaintiff, if entitled to recover, was entitled to recover as a matter of law the amount past due at the time the action was filed, for, as was there said: "The landlord may allow the property to stand idle, and hold the tenant for the entire rent; or he may lease it and hold him for the difference, if any." While generally a plaintiff must mitigate his damages when the defendant has breached a contract and while damages are generally a question for the jury, yet under the above quoted cases where a lessee has breached his lease contract the landlord is entitled to recover his past-due rents less only what he has received from any new tenant; and if the action seeks to recover in advance for the full term, the measure of damages is the difference between the stipulated rental and the rental value. Since at the time the original action was filed the plaintiff sought only past-due rent, and there was no evidence of the plaintiff either having received any sum as rent from any source after the defendant breached the contract or having used the premises so that he obtained a benefit from such premises, the judgment, finding for the

plaintiff in an amount equal to only two months rent plus the attorneys fees provided for under the lease contract is without evidence to support it and must be

*Reversed. Frankum and Jordan, JJ., concur.*