HORTON, Judge.
This is a lease controversy, the factual background of which is as follows: Appellant was the owner and holder of a lessee’s interest in certain real property which it sublet to the appellee Thrifty Parking Company, taking a security deposit of $15,600. Subsequently, Thrifty, with appellant’s consent, sublet to the appellee Southland Parking Company, taking a security deposit of $15,600. On September 8, 1961, appellant, by registered mail, noticed the appellees of a delinquency in rental payments for the months of August and September, 1961, and *568 demanded payment or delivery of possession of the premises for the account of Thrifty. Thrifty made no reply. South-land replied, refusing to deliver possession for the account of Thrifty, but indicating a willingness to deliver possession of the premises for the use of appellant. Thereupon, appellant brought an unlawful de-tainer action, seeking possession but not damages, in the county judges’ court against both appellees which culminated in a judgment against Southland awarding possession of the property to the appellant.
Appellant immediately brought an action against the appellees in the circuit court seeking a declaration that its possession of the property came as the result of its right, granted by operation of law, to repossess for the account of Thrifty. Appellant also sought to hold Thrifty in general damages for the difference between stipulated rentals and what in good faith could be obtained by reletting, such damages to be applied against the security deposit which the appellant claimed the right to retain. South-land brought a counter action against appellant and Thrifty seeking a declaration that the unlawful detainer judgment constituted an election by the appellant to retake possession for its own benefit which terminated the leases from appellant to Thrifty and Thrifty to Southland. South-land also sought a declaration that appellant should return the security deposit to Thrifty which should, in turn, return Southland’s deposit. These cases were consolidated, and after hearing the chancellor entered the final order appealed which found, inter alia, that the appellant “did elect to exercise its right to recover exclusive possession of the property in its own behalf by filing the action in unlawful detainer * * * and, therefore, the amount of damages to which the plaintiff * * * is entitled is the amount of rental due under the * * * lease up to the time that it recovered possession of the property in the unlawful detainer action * * Accordingly, the chancellor entered a final summary judgment requiring appellant to refund the security deposit less accrued rent, costs, and attorney’s fees. The order also declared all subleases terminated.
The appellant contends that the chancellor erred since the unlawful detainer judgment did not, as a matter of law, amount to an election to repossess for its own account and that it should have been allowed to retain the security deposit and satisfy its damages therefrom. We find these contentions have merit.
 In Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346, the Supreme Court of Florida said:
“It seems to be reasonably well settled by the weight of authority that upon the breach, abandonment or renunciation of a lease by the lessee before the expiration of the term the lessor has the choice of one of three courses of action: He may treat the lease as terminated and resume possession of the premises, thereafter using the same exclusively as his own for his own purposes ; or, he may retake possession of the premises for the account of the tenant, holding the tenant in general damages for the difference between the rentals stipulated to be paid and what, in good faith, the landlord is able to recover from a reletting; or, he may stand by and do nothing, and sue the lessee as each installment of rent matures, or for the whole when it becomes due.” [1]
*569 See also Katz v. Kenholtz, Fla.App.1962, 147 So.2d 342; Wagner v. Rice, Fla.1957, 97 So.2d 267. Where there is a dispute over which of these courses the lessor has elected to pursue, the key question, in the absence of an express agreement, is whether, by operation of law, there has been a surrender by the lessee and an acceptance thereof by the lessor in such a manner as to terminate all further liability of the lessee. This in turn devolves into a question of whether the possession taken by the lessor is of an exclusive character, with the apparent intention of occupying and controlling the premises as his own to the exclusion of the tenant, in case the latter should desire to return, and this is ordinarily a question of fact. See Kanter v. Safran, Fla.1953, 68 So.2d 553. It is clear that a surrender by operation of law will not be implied where it was manifestly not intended by the parties. Thus, in Kanter v. Safran, supra, it was said:
“ 'When such intention cannot be presumed without doing violence to common sense, the presumption will not be supported.’ Christenson v. Ohrman, supra [159 Kan. 565, 156 P.2d [848] 851]. * * * Thus, as stated by Tiffany, Landlord and Tenant (1910), at page 1337: ‘The fact that the landlord, at the time of obtaining or accepting control of the key, or previously thereto, states or explicitly shows that he has no intention of regarding the tenancy as terminated, or of releasing the tenant from his obligations under the lease, is sufficient of itself to prevent such result.’ See also McAdam, Landlord and Tenant, 5th Ed., page 1378; Hulsey v. Harrington, 57 Ga.App. 479, 195 S.E. 901; Richman v. Joray Corp., 4 Cir., 183 F.2d 667; Hawkinson v. Johnston, 8 Cir., 122 F.2d 724, 137 A.L.R. 420.”
Reverting to the case at bar, the record indicates that after the default of the appellees, the appellant at every opportunity explicitly and unequivocally declared its intention to relet the premises for the account of Thrifty. The fact that the appellant was forced, in the exercise of a right granted it by operation of law, to bring an unlawful detainer action, which concerned no matters of title but merely the .right of possession, § 82.04, Fla.Stat., F.S.A., in no way detracted from, nor was inconsistent with, its previously expressed intention. Nor can we construe the bringing of the unlawful detainer action, without more, as an abandonment by the appellant of its previously chosen course. See Kanter v. Safran, Fla.1955, 82 So.2d 508. We, therefore, hold that the chancellor erred in finding that the appellant, by bringing the unlawful detainer action, elected to recover possession of the property for its own account.
Since the appellant has elected to resume possession of the premises and re-let for the account of Thrifty, its damages will be the difference between the amount received on the reletting and the amount stipulated in the lease agreement for the remainder of the term, plus any allowable special damages and the expenses reasonably necessary in order to obtain a tenant and mitigate damages. Thrifty has no cause of action for the recovery of the balance of the security deposit until the end of the term, for the damages will not be finally ascertainable until that time. See Kanter v. Safran, Fla.1953, 68 So.2d 553.
In accordance with the opinions expressed herein, the summary judgment appealed is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.

. In the ease sub judice the appellant had an additional option under the terms of the lease to re-enter the premises after default and notice of default and enjoy its first and former estate, declaring the lease forfeited and exercising in respect to the security deposit “either of the following rights: (a) sublessor may declare its damages to be Thirty Nine Hundred ($3,900.00) Dollars, and it may retain that amount from the cash deposited as security and return the remainder of such cash to sublessee, or (b) retain all the cash deposited as *569 security to satisfy any final judgment for damages which may be rendered against sublessee for such breach of covenant in a legal proceeding properly instituted and carried to final conclusion with reasonable promptness, returning, however, any and all cash to sublessee, which is in excess of such judgment for damages.”