## 42428. LOVE v. McDEVITT.

EBERHARDT, Judge. 1. A landlord may allow the property abandoned by his tenant prior to the end of the term to stand idle, and hold the tenant for the rent; or he may relet the premises and hold the tenant for the difference in the rent contracted for and that actually recovered. *Hulsey v. Harrington,* 57 Ga. App. 479, 484 (195 SE 901) ; *Dehco Inc. v. Greenberg,* 105 Ga. App. 236 (2) (124 SE2d 311).

2. Where the lease provides that the lessor, as the lessee's agent, upon breach by the lessee, may at the lessor's option enter upon the premises and rent or relet it at the best price obtainable by reasonable effort, the lessee remaining liable to the lessor for any deficiency between the rental agreed upon in the lease and that obtained upon a reletting, a reletting by the lessor is for the benefit of the lessee and does not relieve him of his obligation under the lease whether notice of the reletting is given to him or not.

3. An exception to the charge that it did not "clearly set forth to the jury how and in what manner a contract may be repudiated by and between the parties thereto," is without merit when there was no evidence of any repudiation.

4. The evidence amply supports the verdict.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

ARGUED NOVEMBER 9, 1966—DECIDED DECEMBER 2, 1966.

*Kemp & Watson, John L. Watson, Jr.,* for appellant.
*Hicks & Kahn, A. David Kahn, Hodges & Oliver, G. Robert Oliver,* for appellee.