45505.   NOBLE v. KERR.

PANNELL, Judge. 1. Where a tenant, without just cause, abandons the leased premises, and the landlord, upon receiving notice of such abandonment, notifies the tenant of his refusal to accept the surrender of the premises and that he will attempt to re-let the premises or sell the same holding the tenant liable for any unpaid rental, there is no termination of the rental agreement until a sale is actually had; and the tenant is liable for the

rentals until such sale. See in this connection *Rucker v. Tabor,* 127 Ga. 101 (56 SE 124); *Reid v. Fain,* 134 Ga. 508, 510 (68 SE 97); *Wright v. Kilgo,* 212 Ga. 712 (95 SE2d 7); *Hulsey v. Harrington,* 57 Ga. App. 479 (2) (195 SE 901); *Treisch v. Doster,* 61 Ga. App. 292 (6 SE2d 128); *Braswell v. Shurling,* 87 Ga. App. 774 (75 SE2d 213); *Dehco, Inc. v. Greenberg,* 105 Ga. App. 236 (2) (124 SE2d 311). The evidence in the present case was amply sufficient to authorize a verdict in favor of the landlord and against the tenant for the unpaid rentals until the time of sale, upon application of the above rules, and the trial judge did not err in overruling the motion for judgment notwithstanding the verdict and the motion for new trial as to the general grounds.

2. The special grounds of the motion for new trial complain that the trial court erred in giving certain charges and in failing to charge certain requests. The objections to the charges and the failure to charge the requests were as follows: "The defendant excepts to the court's failure to give defendant's request of charge number 4 and number 5" and "the defendant excepts to the court's giving in charge the plaintiff's request number 2, and number 3" and "the defendant excepts to that portion of the court's charge, which allowed the sale of the property to minimize the damage." These objections to the charge, while sufficient to identify the charge objected to, state no grounds of objections and were therefore insufficient to meet the requirements of Section 17 of the Appellate Practice Act of 1965 as amended (*Code Ann.* § 70-207). *U. S. Security Warehouse, Inc. v. Tasty Sandwich Co.,* 115 Ga. App. 764 (1) (156 SE2d 392).

3. Complaint was made "to the court's charge where constructive eviction was the only ground of defense that the defendant had, when it could have been a breach of the contract itself, on the contractual terms." Assuming, without deciding, that this was a sufficient objection to the charge, it does not appear that such charge was error, as the defendant showed no defense, and claimed no defense, other than that of constructive eviction based upon his claim of untenantability of the premises. The charge was not subject to the objection made and the trial court did not err in overruling the motion for new trial as amended.

4. In his brief in argument to this court, the appellant contends that the judgment in the case does not conform to the verdict of the jury. There was no enumeration of error to that effect, nor does it appear that any motion was made to the trial judge to revise the judgment so that it might conform to the verdict. Accordingly, no question is presented to this court for determination. Nothing herein said shall be construed to hold that the judgment does not conform to the verdict. We leave that question undecided.

   *Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*
   ARGUED SEPTEMBER 10, 1970—DECIDED FEBRUARY 12, 1971.

*Peek, Whaley & Haldi, Glenville Haldi,* for appellant.
*J. Ralph McClelland, Jr.,* for appellee.

