141 Ga. App. 654 (1977)
234 S.E.2d 119
SZABO ASSOCIATES, INC.
v.
PEACHTREE-PIEDMONT ASSOCIATES et al.
53429.
Court of Appeals of Georgia.
Argued February 3, 1977.
Decided February 28, 1977.
Rehearing Denied March 21, 1977.
Katz, Paller & Land, James G. Killough, for appellant.
Finestone & Cardon, Wayne L. Cardon, for appellees.
QUILLIAN, Presiding Judge.
Peachtree-Piedmont Associates, owner of Tower Place, entered into a lease with Peter F. Szabo, d/b/a Szabo Associates, Incorporated, through their realty broker  Ackerman and Company. The term of the lease was for five years, beginning July 1, 1975, and extending through June 30, 1980, for a monthly rental of $1,071.59. The lease was signed June 5, 1974, and on the following February 6, 1975, Szabo sent a letter to Ackerman acknowledging they would "be unable to become tenants" under the executed lease. Although the tender of the anticipatory breach occurred five months before the lease was to commence, plaintiffs stated they were unable to lease the demised premises until October 1, 1976-15 months after the effective date of the lease.
Suit was filed against Szabo personally and Szabo Associates, but plaintiff's petition alleged that the lease was with Szabo Associates, "entered into through its duly authorized agent Peter Szabo." Defendant Szabo answered admitting this was true. Both parties moved for summary judgment. Summary judgment was entered for plaintiff against Szabo Associates only, in the sum of $10,877.85, plus attorney fees, and costs. Szabo Associates appeal. Held:
1. Defendant alleges the court erred in determining the measure of damages to which plaintiff was entitled. We disagree. The trial court applied the rule set forth in Dehco, Inc. v. Greenberg, 105 Ga. App. 236, 238 (124 SE2d 311): "While generally a plaintiff must mitigate his damages when the defendant has breached a contract and while damages are generally a question for the jury, yet under the above quoted cases where a lessee has breached his lease contract the landlord is entitled to recover his past-due rents less only what he has received from any new tenant; and if the action seeks to recover in advance for the full term, the measure of damages is the difference between the stipulated rental and the rental value."
Here the defendant repudiated the lease contract five months before the term was to begin. If such repudiation *655 by the lessee goes to the whole contract, it amounts to a tender of a breach of the contract, and if accepted by the lessor, it constitutes an anticipatory breach. Borochoff v. William Muirhead Const. Co., 56 Ga. App. 519, 523 (193 SE 118). Accord, Phosphate Mining Co. v. Atlanta Oil &c. Co., 20 Ga. App. 660 (1) (93 SE 532); Seabrook Coal Co. v. Moore, 25 Ga. App. 613 (4) (103 SE 839); Mendel v. Converse & Co., 30 Ga. App. 549 (1) (118 SE 586). The lessor is not required to accept a tender of a breach of the contract but may elect to keep the contract in force. Seabrook Coal Co. v. Moore, 25 Ga. App. 613 (4), supra. Where there has been a tender of a breach of an executory contract, the innocent party has an election of remedies: (1) to accept anticipatory breach as tendered and sue at once for damages, or (2) to treat the contract as remaining in force for the purpose for which it was made. Gilleland v. Welch, 199 Ga. 341 (2) (34 SE2d 517); Concrete Materials v. Smith & Plaster Co., 127 Ga. App. 817, 825 (5) (195 SE2d 218); see also Piedmont Life Ins. Co. v. Bell, 103 Ga. App. 225, 234 (119 SE2d 63). In the instant case the tendered breach was not accepted as suit was not brought or any act taken which would have been inconsistent with the tenancy. See Darnell v. Toney, 45 Ga. App. 27 (1) (162 SE 918); Hulsey v. Harrington, 57 Ga. App. 479 (2) (195 SE 901). If there had been an acceptance of the tendered breach, suit could have been brought immediately on anticipatory breach, and the measure of damages at that time would have been as contended by defendant  "the difference between the rental price agreed upon and the actual value of the premises at the time of the breach..." Strickland v. Flourney, 95 Ga. App. 315 (1) (97 SE2d 638). However, as plaintiff did not accept tender of the anticipatory breach but brought suit only after four months of the five-year lease had expired, the correct measure of damages is as stated in Dehco, 105 Ga. App., supra, p. 238: "past-due rents less only what he has received from any new tenant; and if the action seeks to recover in advance for the full term ... the difference between the stipulated rental and the rental value." Thus, lessor was entitled to all past-due rent at the time of the action for the past breach, plus the difference between the rental stated in the lease and the "actual rental value "for the remainder *656 of the term. Reid v. Fain, 134 Ga. 508, 510 (2) (68 SE 97). Or if the landlord relets the premises, he may hold the tenant liable for the difference, if any, in the rent contracted for and that actually recovered. Love v. McDevitt, 114 Ga. App. 734 (1) (152 SE2d 705).
Plaintiff established that the "net rental to the plaintiff less amortized extras was $1,04.00 per month." Summary judgment in the amount of $10,877.85 was within the range of the evidence, and fully supported where defendant Szabo Associates admitted every paragraph of plaintiff's complaint except the total amount of damages and the complaint showed inception of the lease on July 1, 1975, tender of anticipatory breach on February 6, 1975, monthly rental rate of $1,071.59, and judgment was entered 15 months after inception of the lease.
Construing the evidence most strongly against the movant, as we must on a motion for summary judgment there was sufficient evidence to show mitigation of damages by plaintiff, and the total amount of damages. Hershorin v. LaVista, Inc., 110 Ga. App. 435 (138 SE2d 703).
2. The remaining assignments of error have been examined and found to be without merit.
Judgment affirmed. Stolz and Shulman, JJ., concur.