## 61024. SWIM DIXIE POOL CORPORATION v. KRAEMER et al.

McMURRAY, Presiding Judge.

This action arose from a dispute between landlords (Dianne E. Kraemer and June C. Hoffman as trustee under the estate of Henry C. Kraemer) and tenant (Swim Dixie Pool Corporation) in regard to the lease of a building specially adapted and used for the retail merchandising of swimming pools and accessories. The lease was entered into on August 29, 1977, and provided for a term of 5 years beginning January 1, 1978, and ending December 31, 1982.

Soon after the tenant assumed possession of the premises disputes began to arise between the landlords and the tenant as to the condition and state of repair of the premises. In October, 1979, the tenant removed its business from the leased premises and had the utilities turned off.

The landlords (Kraemer and Hoffman, trustee, as plaintiffs) brought this action alleging several breaches of the lease agreement on the part of the defendant (tenant) and seeking judgment against defendant for rental arrearages, damages sustained by other breaches of the provisions of the lease, damages for defendant's removal and conversion of a sign, and 10% attorney fees. The defendant answered denying that the landlords were entitled to recover any sum in this action and raising several affirmative defenses.

Defendant's answer was filed December 1, 1979, and an amendment filed January 23, 1980, added an additional affirmative defense. On May 12, 1980, the day before the trial of the case, the defendant filed another amendment to its answer raising several additional issues identified as defenses.

On the trial of the case the jury returned a verdict in favor of the landlords for 8 months' rent in the sum of $25,800, plus 10% attorney fees of $2,580, and $1,200 for the sign which defendant had removed from the premises for a total verdict of $29,580. The defendant's motion for a new trial was denied, and the defendant now appeals. *Held:*

1. Among the claims contained in defendant's second amendment to its answer filed the day before trial were allegations raising issues involving setoff and recoupment arising from the diminution in rental value of the premises due to the landlords' failure to maintain the premises in proper repair. Contrary to defendant's contention, setoff and recoupment are counterclaims and not defenses. See *Gwinnett Commercial Bank v. Flake,* 151 Ga. App. 578, 579-580 (1) (260 SE2d 523).

As the setoff and recoupment claims arose from the same transaction as that set forth in the original pleading of the plaintiffs' complaint, these counterclaims are compulsory and should have been raised in defendant's original answer. See Code Ann. § 81A-113 (a) (Ga. L. 1966, pp. 609, 625). In view of the defendant's knowledge, at the time of its original answer, of the compulsory counterclaims set up in the second amendment to its answer, the length of time between the original answer and the attempt to raise these counterclaims, and the fact that the attempt to raise these counterclaims was on the eve of the trial, we cannot say that the trial court abused its discretion in denying leave to defendant to set up these counterclaims by amendment under the authority of Code Ann. § 81A-113 (f), supra. *Aycock v. Household Finance Corp. of Ga.,* 142 Ga. App. 207, 208 (1) (235 SE2d 578).

"Where a landlord covenants to keep premises in repair, his failure to do so, whereby their use by the tenant is impaired, will not work a forfeiture of the rent, unless the premises become untenantable and a constructive eviction results. The remedy of the tenant is, after reasonable opportunity to the landlord, and failure by him to repair, to make the repairs himself and look to the landlord for reimbursement, or to occupy the premises without repair, and hold the landlord responsible for damages by action, or by recoupment to an action for the rent." *Lewis & Company v. Chisolm,* 68 Ga. 40 (3). Thus any issue of partial failure or lack of consideration which did not amount to a constructive eviction could not be asserted by defendant as a defense but only as a counterclaim. The trial court was correct in so ruling. See also *Dougherty v. Taylor & Norton Co.,* 5 Ga. App. 773, 774 (63 SE 928); *Clark v. Sapp,* 47 Ga. App. 91 (1) (169 SE 692).

Defendant's first amendment to its answer raises only the defense of constructive eviction. Even if the second amendment to defendant's answer is so broadly construed as to present a counterclaim based on partial failure or lack of consideration, those claims were properly stricken. Code Ann. § 81A-113 (f), supra; *Aycock v. Household Finance Corp. of Ga.,* 142 Ga. App. 207, 208 (1), supra.

2. Defendant enumerates as error the trial court's charge to the jury as to the law of mitigation of damages as contained in plaintiffs' requests 1 (repudiation and abandonment), 2 (notice of abandonment), 4 (not given), and 5 (constructive eviction). Plaintiffs' request to charge No. 4 was not given in charge to the jury; therefore defendant's enumeration of error in regard to plaintiffs' request to charge No. 4 will be disregarded.

Defendant contends that as a prerequisite before a landlord may

allow property to stand idle and hold the tenant who has abandoned the premises liable for the entire rent, the landlord must notify the tenant of its refusal to accept the surrender of the premises. Defendant apparently draws this argument from a reading of *Noble v. Kerr,* 123 Ga. App. 319 (1) (180 SE2d 601), upon which plaintiffs' request to charge No. 2 is predicated. Defendant contends that plaintiffs' request to charge No. 2 is not authorized by the evidence as there was no showing of the satisfaction of the prerequisite notice by the landlords to the tenant of their refusal to accept the surrender of the premises. Additionally defendant contends that plaintiffs' request to charge No. 1 is incorrect because it contains no language setting forth such a prerequisite.

These contentions apparently arise from the defendant mistakenly perceiving the facts set forth in Division 1 of *Noble v. Kerr,* 123 Ga. App. 319, supra, as setting forth a mandatory requirement. The facts in *Noble v. Kerr,* 123 Ga. App. 319, supra, include the statement that the landlord, upon receiving notice of the tenant's abandoning the premises, notified the tenant of his refusal to accept surrender of the premises and that he would attempt to relet the premises or sell the same, holding the tenant liable for any unpaid rental. These facts, along with others, were held to authorize the verdict in favor of the landlord and against the tenant for unpaid rentals in that case. Neither the language in this court's decision in *Noble v. Kerr,* 123 Ga. App. 319, supra, nor the cases cited in support thereof offer any support to defendant's contention that the notice made by the landlord to the tenant in that case was required as a prerequisite to the landlord's allowing the property to stand idle and hold the tenant liable for the entire rent. Therefore, plaintiffs' request to charge No. 1 is not deficient due to the absence of the language in regard to such prerequisite. *Dehco, Inc. v. Greenberg,* 105 Ga. App. 236, 238 (2) (124 SE2d 311); *Szabo Assocs. v. Peachtree-Piedmont Assoc.,* 141 Ga. App. 654, 655 (1) (234 SE2d 119); *Love v. McDevitt,* 114 Ga. App. 734 (1) (152 SE2d 705). However, any error in plaintiffs' request to charge No. 2 as to notice of abandonment favored the defendant and therefore must be deemed harmless. *Mendel v. Pinkard,* 108 Ga. App. 128, 137-138 (4) (132 SE2d 217); *Delta Corp. v. Knight,* 109 Ga. App. 3, 7 (5) (135 SE2d 56); *Kickasola v. Jim Wallace Oil Co.,* 144 Ga. App. 758, 760 (6) (242 SE2d 483). There is no merit in this complaint.

Plaintiffs' request to charge No. 5, enumerated as error, deals with the law as to constructive eviction and is not related to the issues of mitigation of damages argued in defendant's brief with respect to the above. Furthermore, our Supreme Court in *Overstreet v. Rhodes,* 212 Ga. 521, 523 (93 SE2d 715), in reversing s. c., 93 Ga. App 422 (5)

(91 SE2d 863), set forth that to establish an affirmative defense of constructive eviction from the rented premises "it [is] . . . necessary for the defendant . . . to prove (1) that the landlord in consequence of his failure to keep the rented building repaired allowed it to deteriorate to such an extent that it had become an unfit place for the defendant to carry on the business for which it was rented, and (2) that it could not be restored to a fit condition by ordinary repairs which could be made without unreasonable interruption of the tenant's business." See also *Alston v. Ga. Credit Counsel,* 140 Ga. App. 784, 785 (1) (232 SE2d 134); *Hightower v. Daniel,* 143 Ga. App. 217 (237 SE2d 688). The substance of the charge given was as above, and the trial court did not err in giving this portion of the written request to charge.

Defendant also argues that plaintiffs' request to charge No. 1 is incorrect because it fails to authorize an adjustment for a security deposit which defendant had paid to the plaintiffs. No objection in this regard was made at the trial of the case and as this contention is raised for the first time on appeal it is untimely and may not be reviewed by this court. *Bone Const. Co. v. Lewis,* 148 Ga. App. 61, 62 (2) (250 SE2d 851). However, as stated above, plaintiffs' request to charge No. 1 was legal and proper in consideration of the evidence presented here.

3. By a letter dated November 10, 1979, plaintiffs directed the defendant's attention to provisions of the lease requiring remedy of any default in payment of rent within five days after notice. The letter specifically provided written notice of past due rent and gave defendant "five days from receipt of this letter to correct this default or this lease will be terminated." Defendant enumerates as error the ruling of the trial court that this letter was not intended to and did not terminate the lease. Also enumerated as error was the trial court's refusal to give in charge to the jury defendant's request No. 8 predicated upon the premise that the letter in question terminated the lease.

The relevant portion of the lease provides that "It is mutually agreed that in the event the Tenant shall default in the payment of rent, . . . when due, and fails to cure said default within five (5) days after written notice thereof from Landlord; . . . then . . . Landlord at his option may at once, or within six (6) months thereafter (but only during continuance of such default or condition), terminate this lease by written notice to Tenant; whereupon this lease shall end." Under this lease provision the landlords' right to terminate did not accrue until five days after written notice of default. The letter of November 10, 1979, was clearly a written notice of default as to rental payments as envisioned in the lease. The language of the letter that the lease

"will" be terminated if the default is not corrected within five days looks to the future, is a warning to the tenant to correct the default within the five days or action will be taken after the lapse of the five days. The lease clearly envisions a separate written notice of termination after the expiration of the five day warning. How else could the landlords give written notice of their decision to terminate "at once" unless the prerequisite five days had passed since the notice of default? The letter and lease examined together clearly show that the letter of November 10, 1979, could only have been a notice of default and of the five-day period within which tenant was allowed to correct the default before landlords' right to terminate accrued. The trial court was correct in ruling as a matter of law that the letter did not terminate the lease after the passage of five days after receipt thereof by defendant. Defendant's contention, predicated on a contrary premise, is without merit.

4. As to the plaintiffs' cause of action for removal and conversion of the sign, the defendant contends that the trial court erred in allowing the issue of damages for removal of the sign to go to the jury because no evidence was introduced authorizing the award of damages by the jury in the amount of $1,200 for the sign. It is true that an allowance for damages cannot be based on guesswork or speculation. *Big Builder, Inc. v. Evans,* 126 Ga. App. 457, 458 (2) (191 SE2d 290).

The plaintiffs presented evidence of a supplemental agreement between the parties under which the plaintiffs agreed to contribute to the cost of construction and erection of a sign on the leased premises. Under this agreement the plaintiffs were to contribute 50% of the cost subject to a maximum of $1,200, the same to be the property of the plaintiffs upon termination of the lease and if the defendant were to exercise its option to purchase the leased property pursuant to the lease agreement the sign was to be deemed to be part of the real estate under the real estate option.

At trial the defendant's president testified that the "facing" for the sign had cost $1,200. Although no other evidence was introduced as to the cost of restoring the sign to the premises, the evidence was clear that the "facing" was less than the total of the sign so that the cost of restoring the premises would involve replacing the "facing" as well as other portions of the sign. The evidence being that the replacement of a portion of the sign would cost $1,200, we cannot say that the evidence failed to support the verdict of the jury awarding that sum for the missing sign. See in this connection, *Neda Const. Co. v. Jenkins,* 137 Ga. App. 344, 349 (4) (223 SE2d 732), and *Holland Furnace Co. v. Willis,* 120 Ga. App. 733, 739 (5) (172 SE2d 149).

*Judgment affirmed. Banke and Pope, JJ., concur.*

DECIDED FEBRUARY 11, 1981 —
REHEARING DENIED MARCH 4, 1981 — 

*Tyler Dixon,* for appellant.
*William R. King,* for appellees.