## 62761. PETERSON v. MIDAS REALTY CORPORATION.

Quillian, Chief Judge.

Raymond Peterson appeals from the grant of summary judgment to the plaintiff, Midas Realty Corporation. On August 7, 1974, Midas, as lessor, leased the premises at 5289 Old National Highway, College Park, Georgia, to N & B Enterprises, Inc., for a period of 20 years at a monthly rental of $1,656.19. Peterson was the principal stockholder and president of N & B. The lease contained a provision requiring a guarantor for a corporate lessee. Peterson signed the lease as guarantor. N & B failed to make its monthly rental payments for May, June, and November of 1977, and January through July of 1978, and was eventually adjudicated bankrupt and discharged from its debt to Midas in Bankruptcy Court in January, 1979.

Midas brought this action against Peterson, as guarantor, for the amount of debt represented by N & B's failure to pay its rental for the years 1977 and 1978. Peterson contends the trial court erred in granting summary judgment to Midas. His principal argument is that Midas, as the injured party in the breach of the lease, was "under an obligation to take reasonable steps to minimize damages" under Code Ann. § 20-1410. We do not agree. Generally a surety or guarantor may assert all defenses to a contract which would be available to his principal, with the exception of personal defenses, e.g., infancy, incapacity, bankruptcy, etc. *Escambia Chemical Corp. v. Rocker,* 124 Ga. App. 434, 440 (184 SE2d 31); *Vickers v. Chrysler*

*Credit Corp.,* 158 Ga. App. 434, 436 (280 SE2d 857); 13 EGL 411, Guaranty & Suretyship, § 25. However, assuming arguendo mitigation of damages is not a personal defense of the principal, we find this tenet of law not to be applicable to a lease contract.

Georgia follows the majority view. See Annots. 40 ALR 190, 126 ALR 1219, 21 ALR3d 546. In *Baldwin v. Lampkin,* 14 Ga. App. 828, 830 (82 SE 369), this court found "the general rule, that it is the duty of a party suffering from the breach of a contract to diminish, if possible, the damages, has no application to a contract of lease . . ." We reaffirmed this principle in *Dehco, Inc. v. Greenberg,* 105 Ga. App. 236, 238 (124 SE2d 311) wherein we explained: "While generally a plaintiff must mitigate his damages when the defendant has breached a contract and while damages are generally a question for the jury, yet under the above quoted cases where a lessee has breached his lease contract the landlord is entitled to recover his past-due rents less only what he has received from any new tenant . . ." Accord: *Love v. McDevitt,* 114 Ga. App. 734 (1) (152 SE2d 705); *Szabo Associates, Inc. v. Peachtree-Piedmont Assoc.,* 141 Ga. App. 654 (1) (234 SE2d 119); Dawkins, Landlord and Tenant, The Law in Georgia 120, § 7-9; Cobb and Eldridge, Georgia Law of Damages 341, § 28-15.

Defendant argues, unpersuasively, that even if the law of landlord and tenant does not require the landlord to diminish his damages suffered as a result of a breach of a lease contract, he is being sued on a contract of guaranty and the landlord owes him the contractual duty under his guaranty contract 'and Code Ann. § 20-1410 to minimize the guarantors damages. The defendant admits his contract of guaranty. The breach of the lease and the amount due by defendant's principal were proved by the plaintiff. However, a guarantor is not conclusively bound by a judgment or amount admitted due by his principal. *Escambia Chemical Corp. v. Rocker,* 124 Ga. App. 434, 439, supra. Such amount is only prima facie evidence of liability to the creditor. Id. But, where such evidence has been introduced, as in the instant case, it does establish prima facie the liability of the guarantor and the burden shifts to the guarantor to rebut the correctness of the amount. 124 Ga. App. at 440, supra. The defendant did not attempt to meet his burden and no evidence was presented to support his contention that plaintiff could have mitigated his damages. See *Branon v. Ellbee Pictures Corp.,* 42 Ga. App. 293 (2) (155 SE 923); *Speer v. Johnson,* 48 Ga. App. 759, 761 (173 SE 449); *Bigelow-Sanford Carpet Co. v. Goodroe,* 98 Ga. App. 394, 399 (106 SE2d 45). No attempt was made to show lessee could have been evicted earlier, or had abandoned the premises, or the demised premises were available for rental to another. Inasmuch as the

guarantor was the president and principal stockholder of the lessee, if such evidence was available defendant's affidavit could have raised the issue. Of course we realize this issue was on summary judgment and plaintiff was movant. Plaintiff's evidence established a prima facie case. "Code Ann. § 81A-156(e) provides that when a motion for summary judgment is made and supported by evidence outside the pleadings, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate shall be entered against him." *Meade v. Heimanson,* 239 Ga. 177, 178 (236 SE2d 357). Defendant relied solely upon averments and conclusions — bereft of fact or law. Allegations, conclusory facts, and conclusions of law cannot be utilized to support or defeat motions for summary judgment. *Morton v. Stewart,* 153 Ga. App. 636, 643 (266 SE2d 230); *Dickson v. Dickson,* 238 Ga. 672, 674 (235 SE2d 479). Accordingly, we find defendant's enumeration of error to be without merit. Cf. *Considine Co. v. Turner Communications Corp.,* 155 Ga. App. 911 (3) (273 SE2d 652).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 9, 1981.

*Herbert S. Waldman,* for appellant.
*David R. LaVance, Jr., Richard D. Elliott,* for appellee.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*