## 60700. KIMBER et al. v. TOWNE HILLS DEVELOPMENT COMPANY.

QUILLIAN, Presiding Judge.

This is an appeal from a judgment for rent. Appellant-tenants Kimber entered into a written lease for an apartment with appellee-landlord Towne Hills Development Co. commencing August 8, 1977, with rent of $139 per month due the first of each month. The tenants also paid the landlord a $50 security deposit which was placed in an escrow account. The tenants did not pay the monthly rent for January 1978 and the landlord commenced dispossessory proceedings for non-payment of rent. A writ of pos-session never issued as the tenants, without notice or return of the apartment keys, vacated the premises before the end of January. On January 30, the landlord entered into possession and repaired the premises so that they were ready to be relet by the end of February, 1978. After advertising the premises in a newspaper, they were leased to another on April 14, 1978. No move-out report or notice of disposition of the $50 security deposit was provided to the tenants by the landlord. The landlord brought this action on the lease against the tenants for the unpaid rent for January through April 13, 1978, and other charges incident thereto. The tenants denied liability and counterclaimed for $150 (three times the security deposit) plus attorney's fees for the landlord's failure to return the security deposit within one month of the termination of the lease. After a bench trial the court gave judgment to the landlord for $426.64 ($139 per month rent from January 1 to April 13, 1978, less the $50 security deposit), interest and attorney's fees, and denied the tenants' counterclaim. The tenants appeal. *Held:*

1. It is claimed that the trial court erred in giving the landlord judgment for rent due after the dispossessory proceedings were started and after the landlord took possession of the premises because either the commencement of proceedings or the acceptance of the surrender of the premises extinguished the tenants' liability for future rent.

There is no merit in these contentions. The evidence authorized the trial court to find that the tenant was liable for rent while occupying the premises and after abandoning the premises as provided in the lease; that the filing of the dispossessory action did not result in an eviction which would have terminated the lease and the tenants' obligation to pay rent thereafter; and that the landlord's possession of the abandoned premises did not terminate the lease or constitute an acceptance by the landlord of a surrender of the premises.

A surrender of premises by a lessee has no legal effect until accepted by the lessor. *Lamb v. Gorman,* 16 Ga. App. 663 (85 SE 981); *Jenkins v. Smith,* 92 Ga. App. 296 (88 SE2d 533). The mere entry upon the premises by the lessor to protect the property after abandonment by the lessee will not amount to an acceptance of a surrender of a lease. *Hulsey v. Harrington,* 57 Ga. App. 479 (195 SE 901); *Baldwin v. Lampkin,* 14 Ga. App. 828 (82 SE 369). Abandonment by the tenant permits the landlord under the terms of the lease to terminate the lease, or to enter and obtain another tenant holding the original tenant liable for any deficiency, or to permit the premises to remain vacant and collect the agreed rent each month. *Buford-Clairmont, Inc. v. Jacobs Pharmacy Co.,* 131 Ga. App. 643 (206 SE2d 674).

2. Contrary to appellants' assertion we find the evidence sufficient to establish reasonable mitigation of damages by the landlord.

3. In the remaining enumerations the appellants seek generally to avoid liability for any rent after they vacated the premises because the landlord did not return the security deposit or provide them with the written statements required by the security deposit statute, Code Ann. §§ 61-601 et seq. (Ga. L. 1976, pp. 1372 to 1383), and to recover from the landlord a penalty of three times the amount of the security deposit as provided by that statute for failure to return the deposit.

We find no merit in these enumerations. In our view the intent of this legislation is only to prevent the wrongful withholding of security deposits from tenants by landlords. It does not in any way alter the statutory or contractual liability of tenants for rent.

Code Ann. § 61-604, supra, provides that at the termination of a tenant's occupancy the landlord shall inspect the premises and make a written list of damages which are the basis for a charge against the security deposit.

Code Ann. § 61-605, supra, provides that the landlord shall return the security deposit within one month after the termination of the lease or surrender and acceptance of the premises. In the event there is actual cause for retaining any portion of the security deposit, the landlord shall provide the tenant with a written statement thereof and if the reason for retention is based on damages to the premises such damages shall be listed as provided in § 61-604. It also states: "Nothing in this section shall preclude the landlord from retaining the security deposit for nonpayment of rent or of fees for late payment, for abandonment of the premises, for nonpayment of utility charges, for repair work or cleaning contracted for with third parties by the tenant, for unpaid pet fees, or for actual damages caused by the tenant's breach: Provided the landlord attempts to

mitigate said actual damages."

Code Ann. § 61-606, supra, states: "(b) The failure of a landlord to provide each of the written statements within the required time specified in sections 61-604 and 61-605 shall work a forfeiture of all his rights to withhold any portion of the security deposit or to bring suit against the tenant *for damages to the premises.* (Emphasis added.)

"(c) Any landlord who fails to return any part of a security deposit required to be returned to a tenant pursuant to this Chapter is liable to the tenant in the amount of three times the sum improperly withheld plus reasonable attorney's fees . . ."

Although there is no evidence that, when the lease was terminated by leasing the premises to another on April 14, the landlord provided the tenants with a written statement of the reason for retaining the security deposit as required by § 61-605, we hold that this lapse does not bar the landlord from obtaining judgment for the unpaid rent less the amount of the deposit.

The landlord brought this action for unpaid rent, not for damages to the premises. While § 61-606 (b) clearly bars a landlord from withholding a security deposit to cover damages to the premises or from bringing suit against the tenant for damages to the premises if the landlord does not provide the specified written statements, it does not bar the landlord from bringing an action to recover unpaid rent due on the lease contract or from withholding the security deposit for nonpayment of rent as provided in § 61-605. Since the landlord was not required to return the security deposit lawfully withheld for nonpayment of rent, the landlord was not liable under § 61-606 (c) for three times the amount of the security deposit, as that is a sanction imposed if security deposits are not returned when there are no damages to the premises, unpaid rent, or other charges for which the deposit may be lawfully retained.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 17, 1980 — DECIDED OCTOBER 22, 1980 — REHEARING DENIED NOVEMBER 12, 1980.

*Jay E. Loeb,* for appellants.
*J. Steven Cheatwood,* for appellee.