## 64754. JACOBI et al. v. TIMMERS CHEVROLET, INC.

BIRDSONG, Judge.

Breach of Lease. On April 21, 1975, appellee Timmers sold to appellants a lot with a three-story building thereon in downtown Atlanta for the purchase price of $70,000. On the same day Timmers leased back the lot and building at a monthly rental of $750 per month for a term of five years. The parties stipulated that at the time of the lease in April, 1975, there was a hole in the roof and water had rotted out a portion of the roof, the third floor, the second floor ceiling and floor, the first floor ceiling and a stairwell between the second and third floor. It was further stipulated that at the end of the lease term the property and building were returned to lessors (appellants) in the same condition as when received by lessee under the lease in 1975. It is uncontested that Timmers for all practical purposes did not use the building during the term of the lease. There is further evidence that appellants never viewed the building until the end of the term and thus were unaware of the seriously damaged condition of the building. Upon comprehending the extent of the structural damage, appellants brought suit against Timmers in the amount of $35,000. Appellants based their suit upon clauses within the lease which provided that Timmers would keep in good repair the roof, foundations and exterior walls of the premises and at its expense maintain in good order and repair the leased premises including the building and other improvements located thereon. Timmers also agreed to return the premises to appellants at the expiration of this lease in as good condition and repair as when first received.

Timmers moved for summary judgment maintaining that there were no disputed questions of fact and that the issues were properly determined by the court (see *Taylor Freezer Sales Co. v. Hydrick,* 138 Ga. App. 738, 739 (227 SE2d 494)). Appellants moved for partial summary judgment as to liability reserving questions of damages. The trial court granted Timmers' motion for summary judgment, denied appellants' motion for partial summary judgment, and dismissed the action. Appellants bring this appeal enumerating as error the grant of summary judgment to Timmers. *Held:*

In substance appellants argue that the lease provisions requiring Timmers to keep in good repair the structural portions of the building, to maintain in good order and repair the leased premises, and to return the premises in good condition and repair,

required Timmers to repair the roof and water damage to the building before Timmers surrendered the building to appellants at the end of the lease term. Timmers contends that the lease does not provide for reconstructive rehabilitation and therefore did not require Timmers to restore the building but to maintain the building in as good a condition as it was when received. It is apparent that appellants emphasize the word "repair" as controlling in this lease whereas Timmers emphasizes that the word "maintain" is controlling.

This case is somewhat unique in that the lease obligation to repair is not specifically limited in scope. The commonly accepted requirement in a leasehold contemplates that the lessor (owner) will make capital improvements or repairs as opposed to repairs or modification essentially beneficial to the lessee. See Code Ann. § 61-111. The logic of this is apparent as capital improvements or repairs normally work to the advantage of the owner and not to the lessee who normally enjoys only a usufruct.

Were this court confronted only with those portions of the lease requiring Timmers to keep the building in good repair at its expense, appellants' position apparently would be well taken. However, appellants are faced with the provision of the lease that Timmers was bound to return the premises to appellants only in as good condition and repair as when first received. The legal theorum is well established that the repair clause ordinarily is read together with and affected by the return-in-equal condition clause. *Raybestos-Manhattan v. Friedman,* 156 Ga. App. 880 (275 SE2d 817).

Reading these two clauses together makes difficult appellants' position that Timmers by the provisions of the lease had an independent duty to repair serious structural damage or deficiency which admittedly existed at the time the leasehold was created in April, 1975. This court in construing a lease containing language similar to that in the present case held that a fair construction of a lease requiring maintenance and repair was that lessee undertook to keep the property during the term and to surrender it at the end of the term in as good condition as when received excluding depreciation or reasonable use for the purposes contemplated by the lease. *Raybestos,* supra, p. 883.

In the absence of a specific requirement in the lease to restore or make definitive capital repairs to the structural portions of the building, we read the repair requirements of the lease only to require Timmers to maintain the building so as to return the building in as good condition as when received. Webster's Third New International Dictionary (1976), p. 1362 in pertinent part defines "maintain" as "to

preserve from failure or decline." Stated otherwise, if in a state of repair or efficiency, to keep in as good a state. The stipulation of fact agreed that all deficiencies upon which appellant based its suit were in existence in 1975 and essentially were in the same state of deterioration at the end of the term in 1981 when Timmers surrendered the premises to appellants. In order for appellants to establish a breach of the agreement, it was essential that appellants prove with a reasonable degree of certainty and specificity the condition of the premises both at the inception and at the termination of the tenancy, or the specific waste or damage based upon misuse which should have been but was not repaired. *Spacemaker v. Borochoff Prop.,* 112 Ga. App. 512, 514 (145 SE2d 740). Appellants offered no evidence of an increase in damage to the roof, the stairwell, or the three floors of the building from the time of the inception to the conclusion of the lease term except by conclusionary argument in their brief. Thus, there was no evidence furnishing a rational basis for computing the cost of restoration required to repair the damages which could be chargeable to the lessee, Timmers. *Raybestos,* supra.

Appellants complain that the stipulation was intended only to show the absence of repairs and that the trial court erred in construing the stipulation as an admission that no structural change occurred during the lease term because of the use of the building by Timmers. We reject this limitation sought to be placed on the stipulation by appellants. The manifest and ultimate meaning of the stipulation was that the damages upon which appellants brought its suit existed at the beginning of the lease and no further structural damage was shown because of the use of the building during the lease.

Moreover, appellants' contention that the trial court erred in concluding that the requirement of the lease to return the property in as good a condition and repair as when received negated Timmers' contractual duty to repair patent defects, is without merit. To accept appellants' contention would require us to conclude that Timmers sold approximately 7,000 square feet of land in downtown Atlanta with a three-story building for $70,000, leased it back for $45,000 over a five-year term and at the same time agreed to effect $35,000 in repairs. Thus Timmers would have agreed to pay $80,000 over the five-year term after selling the building for $70,000. The logical interpretation of the clauses of the lease in question, we conclude, is that the parties agreed Timmers would simply maintain the building in the same condition and would not effect structural, i.e., capital improvements. Timmers having complied with the contractual requirements, we find no merit in the complaint as to the grant of summary judgment nor in the enumerations of error framed by

appellants.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED OCTOBER 29, 1982 —
REHEARING DENIED DECEMBER 6, 1982.

*Herbert S. Waldman,* for appellants.
*Charles A. Wiley, Jr., Donald J. Goodman, Keith E. Fryer,* for appellee.