69133, 69134. ZAKARIA et al. v. McELWANEY; and vice versa.
(329 SE2d 310)

McMURRAY, Presiding Judge.

On June 16, 1982, the plaintiff (tenant) and defendant (landlord) M. S. Zakaria, through his agent defendant Robert E. Norman, d/b/a

Norman Realty and Norman Realty Company, entered into a residential lease agreement. The lease agreement was typed or filled in by the plaintiff on a lease form provided by the defendants. The agreement provides for a term of 12 months, commencing July 1, 1982, and ending June 30, 1983. The monthly rental was $475 due on the first of each month. The plaintiff paid the defendant landlord $450 as the security deposit.

On March 22, 1983, the plaintiff notified the defendants in writing that she would be vacating the premises on April 22, 1983, prior to the expiration of the lease term. The plaintiff ceased paying rentals on April 15, 1983, and vacated the premises prior to that date. The defendants retained the plaintiff's security deposit, took possession of the premises and relet the property at a monthly rate of $400, possession and payment commencing on May 1, 1983.

Prior to, during and after the plaintiff's occupancy, the defendants failed to comply with OCGA § 44-7-31, relative to providing the plaintiff with written information on the escrow account. The defendants also failed to comply with OCGA § 44-7-33, requiring them to provide the plaintiff with an initial and a final damage checklist. Subsequently, the plaintiff brought this action to recover her security deposit and, under the authority of OCGA § 44-7-35, to recover treble damages plus reasonable attorney fees for the defendants' failure to comply with OCGA §§ 44-7-31 and 44-7-33. In their answer the defendants denied liability and counterclaimed for breach of the lease contract, requesting damages for unpaid rentals and money owing as a result of damages to the property.

After hearing opposing motions for summary judgment, the trial court granted plaintiff's motion and entered judgment for the plaintiff in the sum of $1,350 representing treble damages. The court further awarded attorney fees of $600. The defendants' joint motion was denied. The defendants appeal and the plaintiff cross-appeals. *Held*:

The defendants appeal from the granting of the plaintiff's motion for summary judgment. The plaintiff cross-appeals as to the sufficiency of the court's award of attorney fees.

1. In their first enumeration of error the defendants claim that the trial court erred in finding that their violation of the security deposit statute, OCGA §§ 44-7-31 and 44-7-33, constituted acts which rendered their withholding of plaintiff's security deposit improper, thus subjecting them to liability under OCGA § 44-7-35. In *Kimber v. Towne Hills Dev. Co.*, 156 Ga. App. 401, 402 (3) (274 SE2d 620), we held that the intent of former Code Ann. § 61-601 et seq. (now OCGA § 44-7-30 et seq.) "is only to prevent the wrongful withholding of security deposits from tenants by landlords. It does not in any way alter the statutory or contractual liability of tenants for rent." Thus, in the case sub judice, even though the landlord did not comply with the

provisions of the security deposit statute, this does not bar him from bringing an action to recover unpaid rent due on the lease contract or for withholding the security deposit for nonpayment of rent. In light of *Kimber v. Towne Hills Dev. Co.*, supra, a genuine issue of material fact remains as to whether unpaid rentals were owed by the plaintiff entitling the defendant landlord to withhold some portion or all of the security deposit.

2. On the lease, plaintiff has signed on the signature line designated "Lessor" and defendant Zakaria has signed on the line designated "Lessee." The plaintiff argues that due to this "mistake" the lease agreement is not valid as there was no meeting of the minds. Consequently, she asserts that no unpaid rentals are due because she was a tenant at will who properly and timely gave notice of cancellation of the tenancy.

This argument is without merit. It is well established that any mistake in a contract, consisting of an unintentional act or omission, that is a clerical error, which in no way changes the contract or the relationship of the parties should not be permitted to defeat the clear intention of the parties. *Gaulding v. Baker*, 9 Ga. App. 578 (71 SE 1018); *Andrews v. Skinner*, 158 Ga. App. 229, 231 (279 SE2d 523); *Tillman v. Webb & Co.*, 17 Ga. App. 620 (87 SE 904).

In the case sub judice, after examining the lease agreement and other evidence on record, it is clear that the parties understood their status in relation to the lease agreement. The error in the lease was a clerical oversight which in no way affected the relationship of the parties relative to the rental agreement. There is evidence which would authorize a factfinder's finding that the plaintiff breached the lease contract, entitling the defendants to withhold some portion or all of the security deposit for unpaid rent. The trial court erred in granting plaintiff's motion for summary judgment.

3. In light of the foregoing and the reversal of the trial court's granting of plaintiff's motion for summary judgment it is unnecessary to address defendants' second enumeration of error. Our ruling in the main appeal necessarily controls our consideration of the plaintiff's cross-appeal which is rendered moot as the award of attorney fees falls along with the falling of the award of treble damages resulting from our reversal of the trial court's grant of summary judgment to plaintiff.

*Judgment reversed in Case No. 69133 (main appeal); appeal dismissed in Case No. 69134 (cross-appeal). Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1985 —
REHEARING DENIED MARCH 26, 1985 — 

*Donald M. Comer II*, for appellants.
*Joseph R. Baker*, for appellee.