### 75664. NGUYEN et al. v. MANLEY et al.
(363 SE2d 613)

DEEN, Presiding Judge.

On November 30, 1982, the appellants, Kim Dung Nguyen, Thai Nguyen, and Dung Dang, leased premises from the appellees for a five-year term, for the purposes of operating a delicatessen that the appellants had recently purchased. Because the previous owners had operated the delicatessen on essentially a "take-out only" basis, the appellants had tables and booths installed so that customers could eat on the premises. A few months later, the Fulton County Health Department inspected the premises and advised the appellants that two rest rooms were required if food was to be served on the premises. The appellees, however, denied the appellants' request for permission to install a second rest room. The appellants continued to operate the delicatessen, but eventually the business failed in 1985.

Subsequently, the appellants commenced this action against the appellees, seeking, inter alia, damages for refusing to consent to the construction of a second rest room. The trial court granted summary judgment for the appellees on this count, and this appeal resulted. *Held*:

The lease agreement in this case provided that the "[t]enant shall not create any openings in the roof or exterior walls, nor make any structural alterations, additions or improvements to the demised premises without prior written consent of landlord." As noted by the trial court, with that unambiguous language the appellees reserved the absolute right to control structural alterations by consenting or not consenting. In declining to impose a requirement of reasonableness in withholding consent, where the lease did not provide for such, the trial court found inapposite *Stern's Gallery of Gifts v. Corporate Property Investors*, 176 Ga. App. 586 (337 SE2d 29) (1985), wherein this court noted a modern trend of requiring reasonableness even where no clause expressly requires that consent not be unreasonably withheld, because (1) *Stern's Gallery* involved a request to sublease, not structural alterations, and (2) *Stern's Gallery* actually did not adopt or reject that trend because the lease provision in question required reasonableness in withholding consent. We agree with the trial court.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED DECEMBER 3, 1987.

*Jere F. Wood,* for appellants.
*Howard M. Lessinger, Neil S. Morrisroe,* for appellees.