A89A0118. CROLLEY et al. v. CROW-CHILDRESS-MOBLEY #2.

(379 SE2d 202)

DEEN, Presiding Judge.

In October 1983, appellant Theodore W. Crolley, president of several corporations (including the American Communities Corporation (ACC)), signed a three-year lease, in his capacity as president of ACC, for certain warehouse space belonging to appellee Crow-Childress-Mobley #2 (Crow). After December 1984, ACC ceased to make the monthly rental payments specified in the lease and three months later vacated the premises. The landlord subsequently was able to rent the space to another tenant and brought an action against ACC, seeking accrued and future rents. Crolley as an individual defendant was later added by court order.

At trial plaintiff pointed out that not only ACC but several other Crolley-owned corporations had occupied the leased premises, as well as Crolley individually and several employees who, at Crolley's direction, performed duties sometimes for one corporation and sometimes for another. Plaintiff alleged that Crolley had "milked" ACC for "management fees" and had diverted money to other corporations, and that Crolley should therefore be liable on the lease individually as well as in a corporate capacity. Plaintiff also rejected Crolley's theories concerning appellee/lessor's alleged "acceptance of the surrender of the premises" and fraudulent inducement and/or mutual mistake regarding alleged representations concerning permissible uses of the rental space.

On appeal Crolley enumerates as error the denial of his motions for directed verdict and judgment n.o.v. on the sufficiency of the evidence as to the "piercing the corporate veil" issue; the denial of his motions for judgment n.o.v. and for new trial on the basis that appellee had re-rented the vacated premises without notifying him that ACC would continue to be held liable for the rent; and the granting of appellee's motion for directed verdict on Crolley's claim of fraudulent inducement. As a fourth error Crolley asserts that the verdict was against the weight of the evidence as to the existence vel non of a mutual mistake regarding permissible uses of the premises. Held:

1. Appellant's fourth enumeration is patently without merit inasmuch as, according to well-settled law, the appellate court determines only the sufficiency of the evidence, and not its weight. Johnson Dev. Co. v. Joe Sheehan &c., 186 Ga. App. 764 (368 SE2d 546) (1988).

2. Our review of the record indicates that there was sufficient competent evidence adduced both to authorize the trial court to submit the "corporate veil" issue to the jury and to authorize the jurors to find that ACC was merely Crolley's alter ego. The cases cited in appellant's brief are distinguishable on their facts and therefore provide no support for his contentions. Appellant's first enumeration is

without merit.

3. Under well-settled principles of Georgia law, a landlord's possession of premises abandoned by a tenant does not constitute an acceptance of a surrender of the premises — or, as here — abandonment by the tenant. *Hulsey v. Harrington*, 57 Ga. App. 479 (195 SE 901) (1938). In such circumstances the landlord has the option of (1) terminating the lease, (2) obtaining another tenant while holding the original tenant liable for any deficiency that may occur, or (3) permitting the premises to remain vacant while collecting the agreed-upon rent from the original tenant. *Kimber v. Towne Hills Dev. Co.*, 156 Ga. App. 401 (274 SE2d 620) (1980). In neither the second nor the third of the above-named circumstances does there arise the presumption of surrender and acceptance thereof. Appellee was entitled to no notice beyond that implied by the relevant law — notice which he undoubtedly received by his own conduct and by the terms of the rental agreement. This enumeration, too, has no merit.

4. The record indicates that the evidence purporting to show fraudulent misrepresentation consists only of appellant's bare allegations and his self-serving interpretations of what passed between the parties regarding the possibility or permissibility of operating a cabinet shop within the leased warehouse premises. Such evidence was insufficient to withstand appellee's motion for directed verdict on this issue. This enumeration is also without merit.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED FEBRUARY 14, 1989 —
REHEARING DENIED FEBRUARY 27, 1989 — ▮▮▮

*James W. McKenzie, Jr.*, for appellants.
*Davis, Matthews & Quigley, Robert E. Casey, Jr.*, for appellee.