## A90A0721. VASWANI v. WOHLETZ.
### (396 SE2d 593)

CARLEY, Chief Judge.

Appellee-plaintiff brought this action to recover rents that he was allegedly owed by appellant-defendant. A jury trial resulted in a verdict in appellee's favor. The trial court entered judgment on the jury's verdict and appellant appeals.

1. Appellant moved for directed verdict on the ground that the evidence demanded a finding that appellee had unreasonably withheld his consent to an assignment of the lease. The trial court's denial of appellant's motion on this ground is enumerated as error.

In relevant part, the lease provides that appellant "shall not, without the prior written consent of [appellee] endorsed hereon, assign this lease or any interest hereunder, or sublet premises or any part thereof. . . ." It is undisputed that appellee never gave his written consent to appellant's assignment of the lease.

" 'Absent a limiting statute or controlling public policy, parties may contract with one another on whatever terms they wish (cits.) and the written contract defines the full extent of their rights and duties (Cit.). . . .' [Cits.]" *Hardin v. Macon Mall*, 169 Ga. App. 793, 794 (315 SE2d 4) (1984). See also *Lovelace v. Figure Salon*, 179 Ga. App. 51, 52 (1) (345 SE2d 139) (1986). The opinion in *Stern's Gallery of Gifts v. Corp. Property Investors*, 176 Ga. App. 586, 592 (4) (337 SE2d 29 (1985) does include a discussion of a perceived "trend" in other jurisdictions towards requiring a showing of the reasonableness of the lessor's withholding of his consent even in the absence of a lease clause expressly requiring that such consent not be unreasonably withheld. As has previously been recognized, however, the *Stern's*

*Gallery* decision did not purport to adopt this "trend" as the law of this state. See *Nguyen v. Manley*, 185 Ga. App. 187 (363 SE2d 613) (1987). In *Nguyen*, "[t]he court construed . . . language [similar to that contained in the instant lease and found it] to be unambiguous and declined to impose a requirement of reasonableness on consent where the lease did not so provide." *Sun Ins. Svcs. Inc. v. 260 Peachtree St.*, 192 Ga. App. 482 (2) (385 SE2d 127) (1989).

Thus, in accordance with *Nguyen* and in the absence of any statutory provision to the contrary, we hold that the terms of the instant lease cannot be construed as conditioning appellee's right to refuse to give his written consent for an assignment upon a showing of reasonableness. Since the reasonableness or unreasonableness of appellee's refusal to give his written consent is otherwise irrelevant to the legal effect of his failure to give such consent, the trial court did not err in denying appellant's motion for directed verdict.

2. Appellant also moved for a directed verdict on the ground that he had surrendered the premises and appellee had accepted that surrender. The trial court's denial of appellant's motion for directed verdict on this ground is also enumerated as error.

" 'When a landlord rents a building and puts a tenant in possession of the premises (with consequent liability for rent) the possession of the premises can not be surrendered by the tenant during the term of the lease, unless the surrender be accompanied by an agreement on the part of the landlord to retake possession. . . There must be either an express agreement to the surrender of possession on the part of the tenant, or such circumstances as compel the conclusion that the landlord consented to retake possession of his property.' [Cit.]" *Jenkins v. Smith*, 92 Ga. App. 296 (2) (88 SE2d 533) (1955). See also *Kimber v. Towne Hills Dev. Co.*, 156 Ga. App. 401, 402 (1) (274 SE2d 620) (1980). Even assuming without deciding that the evidence may have authorized a finding of surrender and acceptance, it is clear that the evidence did not demand such a finding. Therefore, the trial court did not err in denying appellant's motion for directed verdict on the ground of surrender and acceptance of the premises.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Dailey & Groover, Lewis M. Groover, Jr.*, for appellant.
*Murray, Temple & Dinges, William D. Strickland, John C. McCaffery*, for appellee.