A94A2705. STATE FARM FIRE & CASUALTY COMPANY
v. BAJALIA.
(456 SE2d 77)

RUFFIN, Judge.

The stipulated facts in this subrogation action show that Freddie Bajalia rented a home from Sarah Canup. In violation of OCGA § 44-7-33, Canup failed to present Bajalia with a list of damages to the home prior to the time he moved in, tendered his $300 security deposit to her, or at any time thereafter. While Bajalia was cooking in the home, he negligently caused a fire which resulted in damages of $3,197.11. At the time of the fire, State Farm Fire & Casualty Company ("State Farm") provided fire insurance to Canup and covered the loss under the policy. After the lease expired, Canup failed to provide Bajalia with a second list of damages as is required by OCGA §§ 44-7-33 and 44-7-34 and did not return his security deposit. State Farm filed the instant subrogation action to recover the amount of the loss, with the stipulation that State Farm had no greater rights

against Bajalia than did Canup.

Following a bench trial, the court held that "[Canup's] failure to provide the lists of existing defects and damages called for under OCGA § 44-7-33 works a forfeiture pursuant to OCGA § 44-7-35 (b) of [State Farm's] right to recover as subrogee for damages to the premises. . . ." The trial court accordingly denied State Farm's claim and entered judgment in favor of Bajalia.

State Farm asserts that the trial court erred in its interpretation of OCGA § 44-7-35 (b), insofar as the court ruled that Code section applied to the instant case. OCGA § 44-7-35 (b) provides that "[t]he failure of a landlord to provide each of the written statements within the time periods specified in Code Sections OCGA § 44-7-33 and 44-7-34 shall work as a forfeiture of all his rights to withhold any portion of the security deposit or to *bring an action against the tenant for damages to the premises*." (Emphasis supplied.) State Farm argues there is no indication that the legislature intended for this statute to cover catastrophic tort damages to the premises which are the subject of this action. In support of its argument, State Farm relies on this court's decision in *Kimber v. Towne Hills Dev. Co.*, 156 Ga. App. 401 (274 SE2d 620) (1980). In *Kimber*, we found that even though the landlord failed to provide its tenants with the notices required by OCGA §§ 44-7-33 and 44-7-34 and failed to return the security deposit, it was still not precluded by OCGA § 44-7-35 (b) from bringing an action against the tenants for unpaid rent. Id. at 403. State Farm argues that since the landlord in *Kimber* was not precluded from bringing an action for rent, its claim for catastrophic damages should not have been forfeited in the instant case. We disagree.

In *Kimber*, we made the very distinction between unpaid rent and damages to premises that State Farm is ignoring in the instant case. There we held that "[w]hile [OCGA § 44-7-35 (b)] clearly bars a landlord from . . . bringing suit against the tenant for damages to the premises if the landlord does not provide the specified written statements, it does not bar the landlord from bringing an action to recover unpaid rent. . . ." Id. Accordingly, since it is uncontroverted that Canup failed to provide Bajalia with the specified written notices, State Farm was barred from bringing the instant action against Bajalia for damages to the premises. Although State Farm argues there should be an exception to OCGA § 44-7-35 (b) for catastrophic damages not anticipated under the lease, it has provided no authority to support this interpretation, and this court will not find such an exception where the legislature has clearly not provided one.

Finally, we reject State Farm's contention that if such an exception is not found, then landlords will be forced to charge security deposits equalling the value of the rented premises in order to protect their interests. Such a contention ignores the fact that if landlords

simply follow the requirements set forth in the statutes above, OCGA § 44-7-35 (b) will not bar them from bringing an action for damages.

*Judgment affirmed. Birdsong, P. J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I concur with the majority in the judgment and in its analysis. I write separately to express my concern that the factual situation of the present case was not contemplated by the legislature in the enactment and wording of OCGA § 44-7-35 (b). The statute purports to govern the rights and duties of a landlord with respect to any security deposit obtained from tenants. However, damages resulting from a tenant's negligently caused fire, are damages caused by the tenant. As the damages in the present case were undeniably caused by the tenant, I believe that the tenant should be held responsible. However, I must agree with the majority, that the statute as presently worded precludes the landlord from bringing any action against the tenant for damages to the premises if the landlord has not complied with the written statements specified in OCGA §§ 44-7-33 and 44-7-34.

Furthermore, as it is not apparent from the majority that the exception contained in OCGA § 44-7-36 is not applicable to the present case, I write separately to note that the parties stipulated that the landlord was not exempt pursuant to OCGA § 44-7-36 from the requirements of OCGA §§ 44-7-33 and 44-7-35.

DECIDED MARCH 16, 1995.

*Young, Clyatt, Thagard & Hoffman, Robert L. Lambert, Jr.,* for appellant.

*Tillman, McTier, Coleman, Talley, Newbern & Kurrie, C. George Newbern,* for appellee.