A96A0227. LAWSON v. CRAWFORD.
(469 SE2d 507)

Judge Harold R. Banke.

Hal S. Crawford, the owner of commercial property rented by Ben Lawson and his former partner, M. David Parker, sued his tenants to recover $42,877, the rent owed for the entire term of the five-year lease. Lawson appeals from a judgment in the amount of $32,227 and attorney fees entered against him after a bench trial.

The record shows that Lawson and Parker entered into the lease at issue on May 24, 1989.[1] After Lawson and Parker dissolved their partnership in May 1990, Lawson vacated the premises. In December 1991, Parker notified Crawford that he intended to surrender the premises at the month's end due to financial problems. Parker vacated in January 1992, when he submitted his final rent check. When this check failed to timely clear Parker's account, Crawford responded by demanding payment of late charges and inquiring whether Parker needed assistance in re-leasing the space. In February, Crawford notified Lawson and Parker that he intended to hold them responsible for the lease and lease payments but would try to

---

[1] The lease provided for a graduated rent structure which increased by $50 every year, starting at $1,200 per month, and also required the tenants to pay all ad valorem taxes.

find another tenant. Crawford subsequently entered the premises and cleared out the mess Parker left. Crawford also stored some janitorial supplies and lighting fixtures in the space for several months. In April 1992, Crawford notified Parker and Lawson that he did not accept surrender and would hold them liable for any deficiency in the rent owed.

Crawford then filed this action, seeking to recover $42,877, the rent owed for the entire term of the lease. After finding that Crawford occupied the premises from March to September 1992, the trial court reduced the amount of damages claimed by $9,300, the rent for those months, and by the $1,350 security deposit. *Held*:

The trial court correctly calculated the amount of rent owed. "Under well-settled principles of Georgia law, a landlord's possession of premises abandoned by a tenant does not constitute an acceptance of a surrender of the premises — or, as here — abandonment by the tenant. [Cit.] In such circumstances the landlord has the option of (1) terminating the lease, (2) obtaining another tenant while holding the original tenant liable for any deficiency that may occur, or (3) permitting the premises to remain vacant while collecting the agreed-upon rent from the original tenant." *Crolley v. Crow-Childress-Mobley #2*, 190 Ga. App. 496, 497 (3) (379 SE2d 202) (1989).

The record fully supports the finding that Crawford chose the second of the above-stated circumstances, with his business, General Lighting Distributors, Inc., acting as tenant from March to September 1992. "A surrender of premises by a lessee has no legal effect until accepted by the lessor." *Kimber v. Towne Hills Dev. Co.*, 156 Ga. App. 401, 402 (1) (274 SE2d 620) (1980). The trial court's implicit finding that Crawford never accepted surrender is not clearly erroneous. The absence of such acceptance distinguishes *Rucker v. Tabor & Almand*, 126 Ga. 132 (54 SE 959) (1906). See *Noble v. Kerr*, 123 Ga. App. 319, 320 (180 SE2d 601) (1971) (citing *Rucker*); accord *Braswell v. Shurling*, 87 Ga. App. 774, 777 (75 SE2d 213) (1953).

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED MARCH 5, 1996.

*Barbara J. Mastin, Jane E. Lawson*, for appellant.
*Levy & Adams, D. Merrill Adams*, for appellee.