**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

November 8, 2012

# In the Court of Appeals of Georgia

A12A1290. MEEK v. MALLORY AND EVANS, INC.

ANDREWS, Judge.

Clay Meek appeals from the trial court's grant of Mallory and Evans's (landlord's) motion for summary judgment on its claim that Meek breached his lease. For reasons that follow, we affirm in part and reverse in part.

The record shows the following undisputed facts. Meek signed a lease for a one-year term beginning August 17, 2007 and ending August 16, 2008. The amount of rent for the initial one-year term was $1,700. The lease provided for two additional one-year terms. If Meek wished to extend the term of the lease, he was required to give written notice to landlord not less than one month prior to the expiration of the current lease. The rent for the second one-year term was $1,900.

The lease provided for a security deposit of $2,000, one thousand of which was payable by check and the other thousand was paid by Meek's performing work on the property, including painting and landscaping. At the end of the lease, however, only the $1,000 payment was refundable to Meek. Should Meek holdover at the expiration of a term, the monthly rental would be one and a half times the rental paid for the last month of the lease.

The first 12-month term of the contract expired and Meek did not request an extension. Meek continued to pay $1,700 a month until May 2009. Meek moved out of the house in mid-June 2009.

Landlord sued Meek for breach of the lease; Meek counterclaimed, alleging that landlord did not refund the entire $2,000 security deposit plus an additional amount of money spent by Meek in completing "substantial repairs" to the property. Both parties moved for summary judgment. The trial court granted landlord's motion for summary judgment and denied Meek's motion. This appeal followed.

"To prevail at summary judgment under OCGA § 9–11–56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9–11–56 (c)." *Lau's Corp. v. Haskins,* 261 Ga.

491 (405 SE2d 474) (1991). Our review is de novo. *Lake v. APH Enterprises*, 306 Ga. App. 317, 318 (702 SE2d 654) (2010).

The trial court found that the dispositive facts were not in dispute and held that Meek extended the term of the lease for one additional 12-month term; that both Meek and landlord mutually departed from the terms of the lease, resulting in a monthly rent of $1,700 for that additional term, instead of $1,900 for months 13-24 or the $2,550 required by the lease if the tenant holds over. The trial court further held that Meek breached the lease by failing to pay rent for May, June, July and August, and by abandoning the premises when he moved out in June. The court awarded damages of $6,800 for breach of contract for unpaid rent for May, June, July and August plus 10 percent late fees of $680 and pre-judgment interest of 10 percent per annum. The court found that landlord was entitled to retain the $1,000 security deposit for unpaid rent and use it to offset Meek's damages. Further, the court found that Meek had been stubbornly litigious and caused landlord unnecessary trouble and expense. Therefore, the court awarded attorney fees under OCGA § 13-6-11 in the amount of $3,000.

1. In his first enumeration of error, Meek claims that the trial court erred in holding that there was no tenancy-at-will created, because the lease, by its own terms,

requires any extension to be in writing. Meek also argues that under the merger clause, any additions or amendments must be in writing.

"Construction of written contracts, even if they are ambiguous, is a matter for the court and no jury question arises unless after application of applicable rules of construction the ambiguity remains." *Chalkley v. Ward*, 119 Ga. App. 227, 235 (166 SE2d 748) (1969). "The construction placed upon the lease, as evidenced by the conduct of the parties, is to be considered." Id. at 231.

In *Lanham v. McWilliams*, 6 Ga. App. 85, 89 (64 SE 294) ( 1908), the court held that both landlord and tenant were bound for an additional term of one year where no notice was given of an intention to claim any additional term; but the tenant continued to occupy the premises into the second year and to pay the same rent month by month, and the landlord accepted it without question. Likewise, in *Chalkley*, supra, "when the lessor accepted the rent note, allowed the tenant to continue occupancy of the premises and to pay the taxes during the four years following expiration of the original term without requiring the written notice of intention, there was a temporary mutual departure from that provision and a quasi new agreement which did not require the notice." Id at 232. Notably, in *Chalkley*, the court discussed the meanings

4

of the terms "renew" and "extend," stating that "'renewal' contemplates the execution of a new contract, whereas 'extension' does not." Id. at 229.

In this case, the lease specifically provides for an extension, not a renewal. Accordingly, the trial court did not err in determining that the lease was extended for an additional 12-month term. See *Candler v. Smyth*, 168 Ga. 276, 281 (147 SE 552) (1929) ("if the stipulation is to be construed as merely an extension of the time under the old lease, and no new agreement was contemplated, then, no notice being expressly provided for in the contract, if the lessee merely remained in possession by virtue of the contract after the expiration of the [term], this would bind both the lessee and the lessor to an extension for the additional time stipulated in the lease).

2. Next Meek contends that the trial court erred in holding that landlord did not accept timely notice to vacate and tender of possession. Meek claimed that he sent an e-mail stating his intention to vacate on June 1.

"When a landlord rents a building and puts a tenant in possession of the premises (with consequent liability for rent) the possession of the premises can not be surrendered by the tenant during the term of the lease, unless the surrender be accompanied by an agreement on the part of the landlord to retake possession. . . There must be either an express agreement to the surrender of possession on the part

5

of the tenant, or such circumstances as compel the conclusion that the landlord consented to retake possession of his property." *Vaswani v. Wohletz*, 196 Ga. App. 676, 677 (396 SE2d 593) (1990).

In this case, there is nothing in the record showing that landlord expressly agreed to the surrender of the property nor are there circumstances that "compel" the conclusion that it did so. Therefore, because we held in Division 1 that this was not a tenancy-at-will, Meek was liable for any remaining unpaid rent for the term of the lease.

Further, "[u]nder well-settled principles of Georgia law, a landlord's possession of premises abandoned by a tenant does not constitute an acceptance of a surrender of the premises - or, as here - abandonment by the tenant. In such circumstances the landlord has the option of (1) terminating the lease, (2) obtaining another tenant while holding the original tenant liable for any deficiency that may occur, or (3) permitting the premises to remain vacant while collecting the agreed-upon rent from the original tenant." *Lawson v. Crawford*, 220 Ga. App. 447, 448 (469 SE2d 507) (1996). Here, landlord did not terminate the lease, nor did it obtain another tenant. Therefore, Meek is responsible for the unpaid rent for the remainder of the term of the lease.

3. Because Meek is liable for unpaid rent under the contract, landlord was not barred from retaining the security deposit for nonpayment of rent. See *Kimber v. Towne Hills Dev. Co.*, 156 Ga. App. 401, 402 (274 SE2d 620) (1980). Meek also claims, however, that he was entitled to the return of a $2,000 security deposit. Meek's affidavit states that he completed certain repairs, including but not limited to painting and landscaping. Meek claims that he is entitled to the return of an additional $1,000, presumably the value of the painting and landscaping work.

Meek submitted no evidence, however, from which the trial court could determine that any work done by Meek totaled $1,000. Meek submitted photographs which presumably show that parts of the landscaping were overgrown, and also photographs of the interior, which were fuzzy and not helpful. Without more, there is no evidence of the value of any work done on the property. Accordingly, there was no error in the trial court's holding that Meek was entitled to the refund of his $1,000 security deposit.

4. The trial court correctly calculated the amount of damages. The court held that, pursuant to the terms of the lease, Meek was liable for four months of unpaid rent at $1,700 per month, plus 10 percent late fees and 10 percent pre-judgment

interest from August 17, 2009 to the date of judgment. Further, the trial court credited Meek with $1,000 from the unpaid security deposit. There was no error.

5. Next, Meek claims that the trial court improperly awarded attorney fees under OCGA § 13-6-11. The trial court found that Meek had been stubbornly litigious and had caused plaintiff unnecessary trouble and expense, and awarded $3,000 in attorney fees under OCGA § 13-6-11. That Code section provides: "The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

Thus, the language of OCGA § 13–6–11 prevents a trial court from ever determining that a claimant is entitled to attorney fees as a matter of law. "Although the trial court may grant attorney fees or litigation expenses under OCGA § 13–6–11 where it sits as the trier of fact, it is not a trier of fact on a motion for summary judgment." *Covington Square Assoc. v. Ingles Markets*, 287 Ga. 445, 448 (696 SE2d 649) (2010) (citations omitted). Accordingly, we reverse to the extent that the trial court granted summary judgment to landlord for attorney fees under OCGA § 13-6-11.

8

In light of our holdings in Divisions 1 through 4 above, it follows that Meek's claim that he was entitled to an award of attorney fees is without merit.

*Judgment affirmed in part and reversed in part. Doyle, P. J., and Boggs, J., concur.*